IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 25-10895

_____

LANA PATRICK,

Plaintiff - Appellant,

versus

OFFICER GRAHAM,
Individual Capacity, Duval County Schools Police Department,
SERGEANT WILSON,
Individual Capacity, Duval County Schools Police Department,

Defendants - Appellees.

_____

APPENDIX
_____

Lana Patrick Pro Se
9378 Arlington Expy
PMB 204
Jacksonville, FL 32225
thejtownpress@gmail.com
(904) 524-6030

# TABLE OF CONTENTS

District Court Docket Sheet..........................................................................  **TAB A**

Complaint

    Filed June 6, 2024.......................................................................  **TAB 1**

Order

    Filed June 20, 2024.....................................................................  **TAB 11**

Motion to Dismiss

    Filed July 11, 2024......................................................................  **TAB 17**

Amended Motion to Dismiss

    Filed July 11, 2024......................................................................  **TAB 27**

Response to Motion to Dismiss

    Filed July 22, 2024......................................................................  **TAB 37**

Order - Set Hearing

    Filed August 2, 2024....................................................................  **TAB 45**

Status Conference

    Filed August 8, 2024....................................................................  **TAB 46**

Order following Hearing

    Filed August 8, 2024....................................................................  **TAB 47**

Motion to Dismiss

    Filed August 23, 2024..................................................................  **TAB 49**

Response to Motion to Dismiss

    Filed September 9, 2024..............................................................  **TAB 61**

Order for Case Management

    Filed September 11, 2024............................................................  **TAB 67**

Order to Strike

     Filed October 2, 2024........................................................................ **TAB 68**

Report and Recommendations

     Filed November 20, 2024.................................................................. **TAB 70**

Motion to Withdraw

     Filed November 21, 2024.................................................................. **TAB 92**

Objections to Reports and Recommendations

     Filed December 2, 2024.................................................................... **TAB 95**

Order of Selection

     Filed December 4, 2024.................................................................. **TAB 101**

Order Plaintiff Objections Overruled

     Filed March 12, 2025...................................................................... **TAB 103**

Notice to Appeal

     Filed March 19, 2025...................................................................... **TAB 109**

Transmission of Notice to Appeal

     Filed March 20, 2025...................................................................... **TAB 110**

Amended Complaint

     Filed March 25, 2025...................................................................... **TAB 122**

Amended Complaint

     Filed March 26, 2025...................................................................... **TAB 126**

Motion to Dismiss

     Filed April 8, 2025........................................................................ **TAB 130**

Response to Motion to Dismiss

     Filed April 21, 2025...................................................................... **TAB 135**

Certificate of Service

     .......................................................................................................... **TAB B**

# TAB A

3/20/25, 6:05 PM    Case 3:24-cv-00580-WWB-SJH    Electronic Case Filing | U.S. District Court - Middle District of Florida    Page 1 of 4 PageID 163

USCA11 Case: 25-10895    Document: 13    Date Filed: 05/01/2025    Page: 5 of 173

APPEAL,MEDIATION,TRLSET

# U.S. District Court
## Middle District of Florida (Jacksonville)
## CIVIL DOCKET FOR CASE #: 3:24-cv-00580-WWB-SJH

| | |
|---|---|
| Patrick v. Graham et al | Date Filed: 06/10/2024 |
| Assigned to: Judge Wendy W. Berger | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Samuel J. Horovitz | Nature of Suit: 440 Civil Rights: Other |
| Demand: $100,000 | Jurisdiction: Federal Question |
| Cause: 42:1983 Civil Rights Act | |

**Plaintiff**

**Lana Patrick**                                     represented by **Lana Patrick**
9378 Arlington Expressway
Jacksonville, FL 32225
904-524-6030
PRO SE

V.

**Defendant**

**Graham**                                           represented by **Craig D. Feiser**
*Duval County Public School Police Officer*          Florida Virtual School
Office of General Counsel
5422 Carrier Drive
Suite 201
Orlando, FL 32819
689-339-3883
Email: cfeiser@flvs.net
*TERMINATED: 11/22/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Margaret Giannini**
Office of General Council, City of
Jacksonville
117 W. Duval street, Suite 480
Jacksonville, FL 32206
904-255-5079
Fax: 904-255-5120
Email: MGiannini@coj.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wilson**                                           represented by **Craig D. Feiser**
*Duval County School Police Officer*                 (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Margaret Giannini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/10/2024 | 1 | COMPLAINT against All Defendants with Jury Demand Filing fee $405.00, receipt number 37292 filed by Lana Patrick. (Attachments: # 1 Civil Cover Sheet)(BD) Modified text on 8/1/2024 (Exhibit 1 is a video provided in a flash drive) (BD). (Entered: 06/10/2024) |
| 06/10/2024 | 2 | SUMMONS issued as to Graham, Wilson. (BD) (Entered: 06/10/2024) |
| 06/17/2024 | 3 | **NOTICE TO COUNSEL AND PARTIES: The Middle District of Florida's revised Local Rules become effective February 1, 2021 and can be found on the Court's public website https://www.flmd.uscourts.gov/local-rules. Additionally, the undersigned has issued Standing Orders, available at https://www.flmd.uscourts.gov/judges/wendy-berger, that apply to all proceedings before the undersigned. For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules and this Court's Standing Orders. See Local Rule 1.01(a). Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Wendy W. Berger on 6/17/2024. (CKS)** (Entered: 06/17/2024) |
| 06/17/2024 | 4 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (CKS) (Entered: 06/17/2024) |
| 06/20/2024 | 5 | **ORDER informing Pro Se Plaintiff of some of the rules with which she must comply. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 6/20/2024. (KLA)** (Entered: 06/20/2024) |
| 07/09/2024 | 6 | NOTICE of Appearance by Craig D. Feiser on behalf of Graham, Wilson (Feiser, Craig) (Entered: 07/09/2024) |
| 07/09/2024 | 7 | Case Reassigned to Magistrate Judge Samuel J. Horovitz. New case number: 3:24-cv-580-WWB-SJH. Magistrate Judge J. B. Toomey no longer assigned to the case. (AET) (Entered: 07/09/2024) |
| 07/11/2024 | 8 | MOTION to Dismiss Complaint with prejudice by All Defendants. (Feiser, Craig). (Entered: 07/11/2024) |

| 07/11/2024 | 9 | Second MOTION to Dismiss Complaint with prejudice by All Defendants. (Feiser, Craig). (Entered: 07/11/2024) |
|---|---|---|
| 07/22/2024 | 10 | RESPONSE to 9 Second MOTION to Dismiss Complaint with prejudice filed by Lana Patrick (e-portal). (Attachments: # 1 Exhibit 2, # 2 Exhibit 3)(BD) (Entered: 07/22/2024) |
| 08/02/2024 | 11 | **ORDER Setting Hearing: Telephonic Status Conference set for 8/8/2024 at 10:00 AM in Jacksonville Courtroom 5 A before Magistrate Judge Samuel J. Horovitz. Participants must appear at the telephone conference by calling (888)-684-8852; The access code is 9665004; the security code is 1963. Signed by Magistrate Judge Samuel J. Horovitz on 8/2/2024. (TSP)** (Entered: 08/02/2024) |
| 08/08/2024 | 12 | Minute Entry. Virtual Proceedings held before Magistrate Judge Samuel J. Horovitz: STATUS CONFERENCE held on 8/8/2024. (Digital) (TSP) (Entered: 08/08/2024) |
| 08/08/2024 | 13 | **ORDER FOLLOWING HEARING. See Order for Details. Signed by Magistrate Judge Samuel J. Horovitz on 8/8/2024. (TSP)** (Entered: 08/08/2024) |
| 08/08/2024 | 14 | CORPORATE Disclosure Statement by Graham, Wilson. (Feiser, Craig) (Entered: 08/08/2024) |
| 08/08/2024 | 15 | DISCLOSURE Statement by Lana Patrick (e-portal). (BD) (Entered: 08/09/2024) |
| 08/23/2024 | 16 | First MOTION to Dismiss Defendant's Motion to Dismiss Complaint with Prejudice by All Defendants. (Feiser, Craig) (Entered: 08/23/2024) |
| 08/28/2024 | 17 | CASE MANAGEMENT REPORT. (Feiser, Craig) (Entered: 08/28/2024) |
| 09/09/2024 | 18 | RESPONSE to 16 MOTION to Dismiss filed by Lana Patrick (e-portal). (BD) (Entered: 09/09/2024) |
| 09/11/2024 | 19 | **CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings and Joinder of Parties due by 10/28/2024; Plaintiff disclosure of expert report due by 7/1/2025; Defendant disclosure of expert report due by 7/31/2025; Discovery due by 8/29/2025; Conduct mediation hearing by 9/12/2025 (Lead counsel to coordinate dates); Dispositive motions due by 9/30/2025; All other motions due by 1/2/2026; Pretrial statement due by 2/2/2026; Trial Status Conference set for 2/10/2026 at 10:00 AM in Jacksonville Courtroom 12 A before Judge Wendy W. Berger; Jury Trial set for trial term commencing on 3/2/2026 at 09:00 AM in Jacksonville Courtroom 12 A before Judge Wendy W. Berger. Signed by Judge Wendy W. Berger on 9/11/2024. (CKS)** (Entered: 09/11/2024) |
| 09/11/2024 | 20 | **ORDER directing the parties to confer, and then advise the Court, on the selection of a mediator on or before October 11, 2024. Signed by Judge Wendy W. Berger on 9/11/2024. (CKS)** (Entered: 09/11/2024) |
| 10/02/2024 | 21 | (STRICKEN per 22 Order) RULE 26(a)(1) Disclosures by Lana Patrick (e-portal) (BD) (Modified on 10/3/2024, to edit text) (BGR). (Entered: 10/02/2024) |
| 10/02/2024 | 22 | **ORDER to strike re: 21 Plaintiff's Rule 26(a)(1) Disclosures ("Notice"). Discovery materials "must not be filed until they are used in the proceeding or the court orders filing[.]" Fed. R. Civ. P. 5(d)(1). The Court has not ordered the parties to file any discovery materials, and it does not appear that filing is necessary at this time. Therefore, the Notice is stricken without prejudice to filing at a later time if necessary. Plaintiff should ensure that such discovery materials are not routinely filed in the future. See Order for details. Signed by Magistrate Judge Samuel J. Horovitz on 10/2/2024. (JLW)** (Entered: 10/02/2024) |

3/20/25, 6:45 PM | Case 3:24-cv-00580-WWB-SJH | Document 34-3 | U.S. District Court Middle District Florida Filed 03/20/25 Page 4 of 4 PageID 166

USCA11 Case: 25-10895    Document: 13    Date Filed: 05/01/2025    Page: 8 of 173

| | | |
|---|---|---|
| 10/08/2024 | 23 | NOTICE OF SELECTION of as mediator by Graham, Wilson. (Feiser, Craig) (Entered: 10/08/2024) |
| 11/20/2024 | 24 | NOTICE of Appearance by Mary Margaret Giannini on behalf of Graham, Wilson (Giannini, Mary Margaret) (Entered: 11/20/2024) |
| 11/20/2024 | 25 | **REPORT AND RECOMMENDATION re 16 Defendants' Motion to Dismiss Complaint with Prejudice. Signed by Magistrate Judge Samuel J. Horovitz on 11/20/2024. (JLW)** (Entered: 11/20/2024) |
| 11/21/2024 | 26 | MOTION for Craig Feiser to Withdraw as Attorney by All Defendants. (Giannini, Mary Margaret) Motions referred to Magistrate Judge Samuel J. Horovitz. (Entered: 11/21/2024) |
| 11/21/2024 | 27 | NOTICE of Lead Counsel Designation by Mary Margaret Giannini on behalf of Graham, Wilson. Lead Counsel: Mary Margaret Giannini. (Giannini, Mary Margaret) (Entered: 11/21/2024) |
| 11/22/2024 | 28 | **ENDORSED ORDER granting 26 Unopposed Motion to Withdraw as Counsel of Record. Craig D. Feiser, Esq., is hereby permitted to withdraw as counsel for Defendants. The Clerk is directed to terminate Mr. Feiser as counsel of record. Signed by Magistrate Judge Samuel J. Horovitz on 11/22/2024. (JLW)** (Entered: 11/22/2024) |
| 12/02/2024 | 29 | OBJECTIONS to 25 Report and Recommendations by Lana Patrick. (BD) (Entered: 12/02/2024) |
| 12/04/2024 | 30 | **ORDERED that on or before December 10, 2024, the parties shall file a notice of selection of one of the approved mediators or a proper motion for mediation before Magistrate Judge. Signed by Judge Wendy W. Berger on 11/30/2024. (CKS)** (Entered: 12/04/2024) |
| 12/10/2024 | 31 | NOTICE OF SELECTION of Jennifer Grippa as mediator by Graham, Wilson. (Giannini, Mary Margaret) (Entered: 12/10/2024) |
| 03/12/2025 | 32 | **ORDERED that Plaintiff's Objections (Doc. 29) are OVERRULED; the Report and Recommendation (Doc. 25) is ADOPTED and CONFIRMED and made a part of this Order to the extent consistent therewith; Defendants' Motion to Dismiss Complaint with Prejudice (Doc. 16) is GRANTED in part and DENIED in part; Counts I, II, and III of the Complaint (Doc. 1) are DISMISSED with prejudice and Count IV is DISMISSED without prejudice. On or before March 25, 2025, Plaintiff may file an amended pleading with respect to Count IV to correct the deficiencies noted in the R&R and this Order. Failure to timely file both may result in the dismissal of this case without further notice. See Order for details. Signed by Judge Wendy W. Berger on 3/12/2025. (CKS)** (Entered: 03/12/2025) |
| 03/19/2025 | 33 | NOTICE OF APPEAL as to 32 Order on Report and Recommendations Order on Motion to Dismiss by Lana Patrick. Filing fee not paid. (e-portal) (ELA) (Entered: 03/20/2025) |

# TAB 1

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Lana Patrick Pro Se

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

OFC Graham,
Sgt. Wilson

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   3:24-cv-580-WWB-JBT
   *(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes   ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Lana Patrick Pro Se |
| Address | 9378 Arlington Expy |
| | Jacksonville    FL    32225 |
| | *City    State    Zip Code* |
| County | Duval county |
| Telephone Number | 904-524-6030 |
| E-Mail Address | thejtownpress@gmail.com |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | OFC Graham |
| Job or Title *(if known)* | Duval county public school police officer |
| Address | 1720 Landsdowne Dr. |
| | Jacksonville    Fl    32211 |
| | *City    State    Zip Code* |
| County | Duval county |
| Telephone Number | |
| E-Mail Address *(if known)* | |

[✓] Individual capacity    [ ] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Sgt. Wilson |
| Job or Title *(if known)* | Duval county school police officer |
| Address | 1720 Landsdowne Dr. |
| | Jacksonville    FL    32211 |
| | *City    State    Zip Code* |
| County | Duval county |
| Telephone Number | |
| E-Mail Address *(if known)* | |

[✓] Individual capacity    [ ] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

**Defendant No. 3**

    Name         _____

    Job or Title *(if known)*  _____

    Address      _____

               _____

                        *City*          *State*      *Zip Code*

    County       _____

    Telephone Number  _____

    E-Mail Address *(if known)* _____

    ☐ Individual capacity    ☐ Official capacity

**Defendant No. 4**

    Name         _____

    Job or Title *(if known)*  _____

    Address      _____

               _____

                        *City*          *State*      *Zip Code*

    County       _____

    Telephone Number  _____

    E-Mail Address *(if known)* _____

    ☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

        ☐ Federal officials (a *Bivens* claim)

        ☑ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

        see Attachment

        _____

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

**D.**     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
see attachment

**III.    Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.**     Where did the events giving rise to your claim(s) occur?

see Attachment

**B.**     What date and approximate time did the events giving rise to your claim(s) occur?

see Attachment

**C.**     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

see Attachment

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**IV.    Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

**V.    Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

I am seeking $100,000 in punitive damages.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           06/10/2024

Signature of Plaintiff     _____

Printed Name of Plaintiff  Lana Patrick Pro Se

### B.    For Attorneys

Date of signing:           _____

Signature of Attorney      _____

Printed Name of Attorney   _____

Bar Number                 _____

Name of Law Firm           _____

Address                    _____

                           _____
                              City              State        Zip Code

Telephone Number           _____

E-mail Address             _____

## CLAIM IIII- 42 USC 1983- 1ST AMENDMENT VIOLATION

21. Sgt Wilson was at all time acting under color of law when he put a privacy strike on my news report and having it removed from youtube.

22. Sgt Wilson engaged in a form of prior restraint known as subsequent punishment because he did not want his actions to be seen.

### Relief

21. I am asking for 100,000 for punitive damages, and training for all school board members on open public meetings laws.

**Dated:**

Respectfully submitted,

/s                                    Pro Se

Lana Patrick Pro Se
9378 Arlington Expy
Jacksonville FL 32225
Email: thejtownpress@gmail.com
Phone: 904-524-6030

### Jury Demand

Plaintiff requests a trial by jury.

_____    Pro Se

11. Finally after 14:40 ( Plaintiff exhibit 1 ) I made it into the meeting, only losing ten minutes of the meeting that I wont be able to report on.

12. I immediately make my way to the front of the room for better audio and video, the place is empty and I stand quietly off to the side.

13. Not more then 40 seconds later at 15:15 ( Plantiff exhibit 1 ) they were harassing me again, after I tell them that I was a member of the press.

14. At 16:06 OFC Graham batters me by grabing me and forcing me to walk out because I wouldn't listen to Sgt wilson's unlawful orders to sit down or talk to the media guy.

### CLAIM I - 42 USC 1983 - 1ST AMENDMENT CLAIM

15. Both defendants, at all times were acting under color of law.

16. All defendants violated my right to free press by trespassing me from a public place I was allowed to be in doing a constitutionally protected activity of gather information to disseminate.

### CLAIM II- 42 USC 1983 - PRIOR RESTRAINT

17. Both defendants, at all times were acting under color of law.

18. Both defendants committed prior restraint by restricting my ability to gather information to disseminate to the public.

## CLAIM III- 42 USC 1983- 4TH AMENDMENT VIOLATION

19. OFC Graham was acting under color of law when he used excessive force to unlawfully remove me from the building.

20. OFC Graham instead of asking me to leave on my own accord thought it best to grab me and push me all the way out of the building, even though I had done nothing wrong.

1. Lana Patrick is of legal age and a U.S. citizen. She resides in Duval County, Florida. She is an independent Journalist/Activist.

2. Defendant OFC. Graham was employed by the Duval County school Police Dept as a officer at all times relevant to the allegations in this complaint and is a resident of Florida.

3. Defendant Sgt. Wilson was employed by the Duval County School Police Dept at all times relevant and is a resident and citizen of the state of Florida.

## FACTS

4. On March 12th 2024 I was heading to the Duval county school board meeting at 1701 Prudential Drive in Jacksonville Florida.

5. Within 35 seconds a security guard was telling me I needed an ID to go to the public meeting

6. I asked to speak to a supervisor and by 1:17 ( plantiff's exhibit 1 ) OFC Graham Shows up and proceeds to try to tell me how their policy over rides state law.

7. At the 3:19 mark (plantiff exhibit 1) OFC Graham denies me entrance to the public meeting unless I produce Identification.

8. Around the 4 minute mark (plantiff exhibit 1) I ask to speak to OFC Grahams supervisor.

9. After being denied entry to the public meeting for 11:45 ( Plantiff exhibit 1 ) Sgt Wilson arrives and i can see there is going to be an issue when he makes me ask him twice for his name.

10. Finally at 13:30 (plantiff exhibit 1)  Sgt Wilson shows back up and allows me to go through the security process without having to Identify.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lana Patrick Pro Se

**DEFENDANTS**
OFC Graham
Sgt. Wilson

**(b)** County of Residence of First Listed Plaintiff    Duval county
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Duval county
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
1st amendment violation, prior restraint, excessive force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$100,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT  405.00  APPLYING IFP _____  JUDGE  WWB  MAG. JUDGE  JBT

# TAB 11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

       Plaintiff,

v.                                                                    CASE NO. 3:24-cv-580-WWB-JBT

GRAHAM, etc., et al.,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*, i.e., on its own motion.  A review of the file indicates that Plaintiff is proceeding *pro se*, i.e., without an attorney.  Because Plaintiff is proceeding *pro se*, the Court will take the opportunity to inform Plaintiff of some, but not all, of the procedural rules with which she must comply.  The Court reminds Plaintiff of these obligations because *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules.[1]  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

While the Court will set forth some of the more prominent procedural

---

[1] Plaintiff is hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.   The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.    In addition, for more information, Plaintiff should review the "Guide for Proceeding Without a Lawyer," located in the "Litigants Without Lawyers" section of the Court's website at www.flmd.uscourts.gov.

The first of the requirements with which Plaintiff must comply are those regarding service of process on Defendants.    In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff is required to perfect service upon Defendants "within 90 days after the complaint is filed," or, in this case, **no later than September 9, 2024**.    Fed. R. Civ. P. 4(m).    Plaintiff is informed that failure to timely or otherwise properly perfect service of process may, under some circumstances, result in the dismissal of a case in its entirety.    *See* Fed. R. Civ. P. 4(m).    Plaintiff must also file proof of service as to each Defendant who has not waived service.    *See* Fed. R. Civ. P. 4(l)(1).

Next, all documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), or of a motion, *see* Fed. R. Civ. P. 7(b).    Each pleading, motion, notice, or other paper shall be presented in a separate document.    Plaintiff must timely respond to the motions filed by other parties in this case, for if she does not timely respond to such a motion, the Court may assume that Plaintiff does

2

not oppose that motion and any relief requested therein.[2]   Local Rule 3.01(c)
provides that any brief or legal memorandum in opposition to a motion must be
filed within fourteen (14) days after Plaintiff is served with that motion by her
opponent.   If a party has missed a filing deadline, the party must file a motion
seeking leave of Court to file the document out of time.

Plaintiff shall not correspond with the Court or any Judge or Magistrate
Judge of the Court in letter form.   In keeping with their sworn duty to maintain
complete impartiality in the exercise of their judicial duties, the Judges of this Court
will only deliver their decisions and opinions in response to those documents filed
with the Clerk's Office in accordance with the governing rules of procedure.   Any
correspondence sent to judicial officers will not be responded to, will be stricken
from the case file, and will be returned to the sending party.

All documents filed with the Court must include a caption; a brief title that
describes the nature of the document; Plaintiff's name and signature; and a
Certificate of Service.   These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must
bear her original signature, or they will be rejected by the Court.   Among other
things the signature serves as Plaintiff's certification, pursuant to Fed. R. Civ. P.

---

[2] Motions that Plaintiff must respond to include, but are not limited to, discovery
motions under Fed. R. Civ. P. 37, motions to dismiss under Fed. R. Civ. P. 12(b), and
motions for summary judgment under Fed. R. Civ. P. 56.

11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiff's case.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. The Certificate of Service is confirmation that Plaintiff has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (*e.g.*, U.S. Mail, Federal Express, or hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, Plaintiff must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must be accompanied by a legal memorandum with citation of authorities

in support of the relief requested.  *See* M.D. Fla. R. 3.01(a).  The motion and memorandum shall be filed as one single document, however, and cannot exceed twenty-five (25) pages in length.  *See id.*  Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that she confer with opposing counsel in a good faith attempt to resolve the issue.  Plaintiff must include a certification in the motion that she has complied with this requirement, and she shall also notify the Court whether the parties agree on the relief requested.  The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court.  The failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff is also cautioned that she must abide by and comply with all orders of this Court.  Failure to do so may result in sanctions, including dismissal of this case.  Lastly, Plaintiff is reminded that, although she is now proceeding *pro se*, she is not relieved of all of the obligations that rest upon an attorney.  There are still many requirements with which Plaintiff must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences.  For example, failure to respond to discovery requests as described in the rules may result in sanctions.  *See* Fed. R. Civ. P.

37.  In addition, failure to conduct a timely Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution.  *See* M.D. Fla. R. 3.02 & 3.10.

Upon consideration of the foregoing, it is hereby **ORDERED**:

1.  **On or before September 9, 2024**, Plaintiff shall perfect service of process on Defendants, and file proof of service or waiver thereof.

2.  Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** in Jacksonville, Florida, on June 20, 2024.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

*Pro se* Plaintiff

6

**TAB 17**

IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

      v.                            CASE NO.: 3:24-cv-580-WWB-SJH
                                      **DISPOSITIVE MOTION**

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

        Defendants.

_____/

### **DEFENDANT CITY OF JACKSONVILLE'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE**

      Defendants, Officer C. Graham and Sergeant J.T. Wilson, pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b) and 12(b)(6), hereby respectfully move that the Court enter an order dismissing with prejudice Plaintiff's Complaint (Doc. 1). For multiple reasons, Plaintiff's Complaint is frivolous, legally deficient, procedurally defective and fails to state a claim for relief. The Complaint should be dismissed.

      1.    Plaintiff filed her *pro se* Complaint on June 10, 2024. Although summons was issued on that same day, there is no indication that either individual Defendant has been properly served with the Complaint. Plaintiff claims to be suing each Defendant in his individual capacity for actions taken while performing their duties as officers for the Duval County School Board ("DCSB").

1

2.      Plaintiff attached three pages setting forth her allegations. She claims that she wished to attend a DCSB meeting but was initially denied entrance for refusing to produce identification or otherwise identify herself, per DCSB policy. Doc. 1 at ¶¶ 4-10. She was ultimately allowed entry into the meeting without identification.

3.      Once inside the meeting, Plaintiff immediately went to the front of the room to film the meeting at close range. Doc. 1 at ¶ 12. However, she claims Defendants "harassed" her by asking her to move, and when she refused to sit down or speak to the media person at the meeting, she was removed from the meeting. Doc. 1 at ¶¶ 13-14. Throughout her brief and conclusory factual allegations, Plaintiff keeps referencing "plaintiff exhibit 1," but there is no exhibit attached to the Complaint.

4.      Plaintiff conclusively alleges that her First Amendment rights were violated when she was "trespassed" from the meeting. She also alleges, again in conclusory fashion with no factual support, that her Fourth Amendment rights were violated due to the "excessive force" used in removing her from the meeting. She does not allege any sort of physical harm. Lastly, she claims her First Amendment rights were violated when Defendant Wilson "put a privacy strike" on her video and had it removed from youtube. Doc. 1 at ¶¶ 15-22. None of the four counts in the Complaint contain any elements of a cause of action or any further detail or explanation as to how Defendants'

actions (all of which were taken during the course of their *official* duties) somehow violated Plaintiffs' constitutional rights.

5.      Nonetheless, Plaintiff, without further explanation, seeks $100,000.00 in punitive damages.

6.      The Complaint is due to be dismissed for several reasons. Defendants have not been properly served and the allegations are wholly insufficient to state claims against them individually.   All of the events occurred during their employment as officers at a DCSB meeting.  They would be entitled to immunity for any individual claims, even if such claims could be properly stated.  Plaintiff also incorporates an exhibit yet fails to attach it to the Complaint.

7.      Moreover, the Complaint fails to satisfy the basic federal pleading requirements and fails to state a claim against the Defendants.  Asking for identification, asking Plaintiff not to disrupt the meeting, and removing her from the meeting when she refused to sit down or speak with the media person are not actions that violated her constitutional rights.  Lastly, there is no basis whatsoever for punitive damages against the Defendants.

## <u>MEMORANDUM OF LAW</u>

**A.    The Complaint Does Not Meet Federal Pleading Standards.**

Plaintiff's Complaint is subject to dismissal because she fails to satisfy the pleading requirements and wholly fails to state a claim to relief that is

plausible on its face. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Here, the Complaint is nothing more than conclusory statements with no elements of a cause of action.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981). A court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *See Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Here, the only facts are that Plaintiff failed to produce identification (but was ultimately allowed into the meeting without identifying herself), was asked to sit down or speak with a media person present at the meeting when she tried

to film from the front of the room, and was then removed from the meeting when she refused. There are no elements of a constitutional claim, simply conclusory statements from these bare facts. The Complaint wholly fails to meet federal pleading standards and cannot survive a motion to dismiss.

Plaintiff's conclusory and vague narrative fails to include a short and plain statement of the ultimate facts showing that she is entitled to relief, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Complaint is also procedurally defective. Plaintiff alleges acts taken by the Defendants during the course of their DCSB employment while working at a meeting, and yet she claims to be suing them *individually* without any facts to demonstrate individual liability. The few facts there are simply attest to each Defendant performing his official duties as a DCSB officer.

To the extent Plaintiff is relying on an exhibit to support her claims, there is no exhibit attached to the Complaint. Defendants have no way to know what "exhibit" Plaintiff is referring to and relying on, and thus they have no way to refer to or attach it to this motion. *See, e.g., Hector v. HSBC Mortgage Services, Inc.*, 2015 WL 13333584 *5 (N.D. Ga. 2015). And lastly, Plaintiff alleges nothing that would support $100,000,00 in punitive damages against the individual Defendants. The Complaint should be dismissed.

**B.      The Complaint Does Not State a Claim for Relief.**

Even taking any facts as true, the Complaint fails to state a plausible claim.  Again, Plaintiff alleges nothing more than being asked for identification (and then allowed into the meeting anyway), being asked to leave the front of the meeting room, and being removed from the meeting when she refused. Plaintiff then claims constitutional violations against the individual Defendants in wholly conclusory fashion, with no further explanation or anything establishing the elements of a constitutional claim.

Plaintiff's allegations merely establish that the individual Defendants were performing their official duties at the DCSB meeting.  Even if Plaintiff had a basis to sue these two officers in their individual capacities for performing their official duties as DCSB officers, the allegations as pled in the Complaint would clearly entitle the two officers to qualified immunity.  *See, e.g., Collinson v. Gott*, 895 F.2d 994, 997 (4th Cir. 1990) (officers who evicted a citizen from a public meeting were entitled to qualified immunity for First Amendment claims); *Heaney v. Roberts*, 846 F.3d 795, 803-804 (5th Cir. 2017) (police officers entitled to qualified immunity for First and Fourth Amendment claims arising out of removing citizen from meeting due to disruption).  The officers here were simply performing their duties as DCSB officers; they would be immune from individual liability and there would be no way to overcome that immunity through amending the Complaint.

6

In the end, the Complaint simply states vague allegations showing that the Defendants were doing their jobs as officials for the DCSB police department. Asking for identification (and then letting Plaintiff into the meeting without identification) and asking Plaintiff to sit or move away from the front of the meeting room did not violate her First Amendment rights. There is nothing unconstitutional about requiring members of the media or public to stand in a certain area so as not to disrupt a public meeting. *See, e.g., Jones v. Heyman*, 888 F.2d 1328, 1331-33 (11th Cir. 1989) (holding that mayor's actions in attempting to confine speaker to agenda item at commission meeting and having speaker removed when speaker became disruptive did not violate the First Amendment). The reason for this is simple: school board meetings "cannot accommodate the sort of uninhibited, unstructured speech that characterizes a public park." *Lowery v. Jefferson City Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009). Such meetings are limited public forums that can be restricted in the interest of decorum and to avoid disruption. *See id.*

Removing the Plaintiff from the meeting when she refused to adhere to reasonable restrictions, even with some physical touching, also did not violate her Fourth Amendment rights. *See, e.g., Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 522-24 (6th Cir. 2019) (officers' removal of plaintiff from public meeting was not a Fourth Amendment violation when plaintiff violated council rules and refused to leave, even if officers held plaintiff's hand or arm and used

force in guiding her out of the meeting, and she was then unrestricted once outside the building). As in *Youkhanna*, Plaintiff here alleges nothing more than being physically guided out of the building. She has not alleged a plausible Fourth Amendment claim.

It is also completely unclear how removing a video from youtube, apparently due to privacy concerns, violated Plaintiff's First Amendment rights or how Sergeant Wilson would be responsible individually for youtube's decision to remove a video. Notably, police officers are entitled to keep their identifying personal information private under Florida law. *See* Fla. Stat. § 119.071(4)(d)2.a. There is nowhere near enough factual detail for Defendants to properly answer the Complaint.

Lastly, Plaintiff frivolously seeks $100,000.00 in punitive damages against these two Defendants in their individual capacities. The allegations do not come close to the kind of "evil motive or intent" or "reckless or callous disregard of or indifference to" constitutional rights, or other rare "special circumstances," necessary to recover punitive damages against these individual defendants. *See Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir. 1983); *Mitros v. Cooke*, 170 F. Supp. 2d 504, 507-508 (E.D. Pa. 2001); *Does 1-22 v. Board of Education of Prince George's Co.*, 644 F. Supp. 3d 149, 162-63 (D. Md. 2022). The officers were simply doing their jobs. There are absolutely no allegations establishing an entitlement to punitive damages against individual

8

defendants, much less such an outrageous amount of damages.[1]  There is no meritorious claim for relief alleged in the Complaint.

## C.   Conclusion.

Plaintiff has failed to state a plausible claim for any violation of the First or Fourth Amendment.  Official acts in keeping with DCSB meeting decorum did not violate Plaintiff's constitutional rights.  The Complaint completely fails to state any legal claim or satisfy federal pleading rules, and in any event, there can be no basis for a First or Fourth Amendment claim under 42 U.S.C. § 1983. There certainly is no basis for punitive damages against *individual* defendants performing their official duties.  No amount of amending the Complaint will lead to a plausible claim.

WHEREFORE, based on the foregoing reasons, Defendants respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, in its entirety, with prejudice.

### Local Rule 3.01(g) Conferral

The undersigned counsel for the City conferred with the *pro se* Plaintiff on July 8, 2024.  Plaintiff indicated that she opposes this motion to dismiss.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

---

[1] If Plaintiff intends to seek tort damages, she has not alleged nor established compliance with the pre-suit notice requirements of section 768.28, Florida Statutes, and section 112.210, *et seq*., of the Jacksonville Ordinance Code.

/s/ Craig D. Feiser
Craig D. Feiser
Assistant General Counsel
Florida Bar No.: 164593
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 255-5100
Facsimile: (904) 255-5120
cfeiser@coj.net
Attorney for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of July, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and mailed a copy of the foregoing to: Lana Patrick, 9378 Arlington Expressway, Jacksonville, FL 32225.

/s/ Craig D. Feiser
Craig D. Feiser

**TAB 27**

IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

      Plaintiff,

    v.                    CASE NO.: 3:24-cv-580-WWB-SJH

                            **DISPOSITIVE MOTION**

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

      Defendants.

_____/

## DEFENDANTS' AMENDED MOTION TO DISMISS COMPLAINT WITH PREJUDICE[1]

      Defendants, Officer C. Graham and Sergeant J.T. Wilson, pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b) and 12(b)(6), hereby respectfully move that the Court enter an order dismissing with prejudice Plaintiff's Complaint (Doc. 1).  For multiple reasons, Plaintiff's Complaint is frivolous, legally deficient, procedurally defective and fails to state a claim for relief.  The Complaint should be dismissed.

      1.    Plaintiff filed her *pro se* Complaint on June 10, 2024.  Although summons was issued on that same day, there is no indication that either individual Defendant has been properly served with the Complaint.  Plaintiff claims to be suing each Defendant in his individual capacity for actions taken

---

[1] This motion is amended as to the heading only.

while performing their duties as officers for the Duval County School Board ("DCSB").

2.      Plaintiff attached three pages setting forth her allegations. She claims that she wished to attend a DCSB meeting but was initially denied entrance for refusing to produce identification or otherwise identify herself, per DCSB policy. Doc. 1 at ¶¶ 4-10. She was ultimately allowed entry into the meeting without identification.

3.      Once inside the meeting, Plaintiff immediately went to the front of the room to film the meeting at close range. Doc. 1 at ¶ 12. However, she claims Defendants "harassed" her by asking her to move, and when she refused to sit down or speak to the media person at the meeting, she was removed from the meeting. Doc. 1 at ¶¶ 13-14. Throughout her brief and conclusory factual allegations, Plaintiff keeps referencing "plaintiff exhibit 1," but there is no exhibit attached to the Complaint.

4.      Plaintiff conclusively alleges that her First Amendment rights were violated when she was "trespassed" from the meeting. She also alleges, again in conclusory fashion with no factual support, that her Fourth Amendment rights were violated due to the "excessive force" used in removing her from the meeting. She does not allege any sort of physical harm. Lastly, she claims her First Amendment rights were violated when Defendant Wilson "put a privacy strike" on her video and had it removed from youtube. Doc. 1 at

¶¶ 15-22.  None of the four counts in the Complaint contain any elements of a cause of action or any further detail or explanation as to how Defendants' actions (all of which were taken during the course of their *official* duties) somehow violated Plaintiffs' constitutional rights.

5.    Nonetheless, Plaintiff, without further explanation, seeks $100,000.00 in punitive damages.

6.    The Complaint is due to be dismissed for several reasons. Defendants have not been properly served and the allegations are wholly insufficient to state claims against them individually.  All of the events occurred during their employment as officers at a DCSB meeting.  They would be entitled to immunity for any individual claims, even if such claims could be properly stated.  Plaintiff also incorporates an exhibit yet fails to attach it to the Complaint.

7.    Moreover, the Complaint fails to satisfy the basic federal pleading requirements and fails to state a claim against the Defendants.  Asking for identification, asking Plaintiff not to disrupt the meeting, and removing her from the meeting when she refused to sit down or speak with the media person are not actions that violated her constitutional rights.  Lastly, there is no basis whatsoever for punitive damages against the Defendants.

<u>**MEMORANDUM OF LAW**</u>

**A.    The Complaint Does Not Meet Federal Pleading Standards.**

Plaintiff's Complaint is subject to dismissal because she fails to satisfy the pleading requirements and wholly fails to state a claim to relief that is plausible on its face. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Here, the Complaint is nothing more than conclusory statements with no elements of a cause of action.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981). A court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *See Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task

4

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Here, the only facts are that Plaintiff failed to produce identification (but was ultimately allowed into the meeting without identifying herself), was asked to sit down or speak with a media person present at the meeting when she tried to film from the front of the room, and was then removed from the meeting when she refused. There are no elements of a constitutional claim, simply conclusory statements from these bare facts. The Complaint wholly fails to meet federal pleading standards and cannot survive a motion to dismiss.

Plaintiff's conclusory and vague narrative fails to include a short and plain statement of the ultimate facts showing that she is entitled to relief, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Complaint is also procedurally defective. Plaintiff alleges acts taken by the Defendants during the course of their DCSB employment while working at a meeting, and yet she claims to be suing them *individually* without any facts to demonstrate individual liability. The few facts there are simply attest to each Defendant performing his official duties as a DCSB officer.

To the extent Plaintiff is relying on an exhibit to support her claims, there is no exhibit attached to the Complaint. Defendants have no way to know what "exhibit" Plaintiff is referring to and relying on, and thus they have no way to refer to or attach it to this motion. *See, e.g., Hector v. HSBC Mortgage Services,*

*Inc.*, 2015 WL 13333584 *5 (N.D. Ga. 2015).    And lastly, Plaintiff alleges nothing that would support $100,000,00 in punitive damages against the individual Defendants.    The Complaint should be dismissed.

**B.    The Complaint Does Not State a Claim for Relief.**

Even taking any facts as true, the Complaint fails to state a plausible claim.    Again, Plaintiff alleges nothing more than being asked for identification (and then allowed into the meeting anyway), being asked to leave the front of the meeting room, and being removed from the meeting when she refused. Plaintiff then claims constitutional violations against the individual Defendants in wholly conclusory fashion, with no further explanation or anything establishing the elements of a constitutional claim.

Plaintiff's allegations merely establish that the individual Defendants were performing their official duties at the DCSB meeting.    Even if Plaintiff had a basis to sue these two officers in their individual capacities for performing their official duties as DCSB officers, the allegations as pled in the Complaint would clearly entitle the two officers to qualified immunity.    *See, e.g., Collinson v. Gott*, 895 F.2d 994, 997 (4th Cir. 1990) (officers who evicted a citizen from a public meeting were entitled to qualified immunity for First Amendment claims); *Heaney v. Roberts*, 846 F.3d 795, 803-804 (5th Cir. 2017) (police officers entitled to qualified immunity for First and Fourth Amendment claims arising out of removing citizen from meeting due to disruption).    The officers here were

simply performing their duties as DCSB officers; they would be immune from individual liability and there would be no way to overcome that immunity through amending the Complaint.

In the end, the Complaint simply states vague allegations showing that the Defendants were doing their jobs as officials for the DCSB police department. Asking for identification (and then letting Plaintiff into the meeting without identification) and asking Plaintiff to sit or move away from the front of the meeting room did not violate her First Amendment rights. There is nothing unconstitutional about requiring members of the media or public to stand in a certain area so as not to disrupt a public meeting. *See, e.g., Jones v. Heyman*, 888 F.2d 1328, 1331-33 (11th Cir. 1989) (holding that mayor's actions in attempting to confine speaker to agenda item at commission meeting and having speaker removed when speaker became disruptive did not violate the First Amendment). The reason for this is simple: school board meetings "cannot accommodate the sort of uninhibited, unstructured speech that characterizes a public park." *Lowery v. Jefferson City Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009). Such meetings are limited public forums that can be restricted in the interest of decorum and to avoid disruption. *See id.*

Removing the Plaintiff from the meeting when she refused to adhere to reasonable restrictions, even with some physical touching, also did not violate her Fourth Amendment rights. *See, e.g., Youkhanna v. City of Sterling Heights*,

934 F.3d 508, 522-24 (6th Cir. 2019) (officers' removal of plaintiff from public meeting was not a Fourth Amendment violation when plaintiff violated council rules and refused to leave, even if officers held plaintiff's hand or arm and used force in guiding her out of the meeting, and she was then unrestricted once outside the building). As in *Youkhanna*, Plaintiff here alleges nothing more than being physically guided out of the building. She has not alleged a plausible Fourth Amendment claim.

It is also completely unclear how removing a video from youtube, apparently due to privacy concerns, violated Plaintiff's First Amendment rights or how Sergeant Wilson would be responsible individually for youtube's decision to remove a video. Notably, police officers are entitled to keep their identifying personal information private under Florida law. *See* Fla. Stat. § 119.071(4)(d)2.a. There is nowhere near enough factual detail for Defendants to properly answer the Complaint.

Lastly, Plaintiff frivolously seeks $100,000.00 in punitive damages against these two Defendants in their individual capacities. The allegations do not come close to the kind of "evil motive or intent" or "reckless or callous disregard of or indifference to" constitutional rights, or other rare "special circumstances," necessary to recover punitive damages against these individual defendants. *See Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir. 1983); *Mitros v. Cooke*, 170 F. Supp. 2d 504, 507-508 (E.D. Pa. 2001); *Does 1-22*

*v. Board of Education of Prince George's Co.*, 644 F. Supp. 3d 149, 162-63 (D. Md. 2022). The officers were simply doing their jobs. There are absolutely no allegations establishing an entitlement to punitive damages against individual defendants, much less such an outrageous amount of damages.[2] There is no meritorious claim for relief alleged in the Complaint.

## C.    Conclusion.

Plaintiff has failed to state a plausible claim for any violation of the First or Fourth Amendment. Official acts in keeping with DCSB meeting decorum did not violate Plaintiff's constitutional rights. The Complaint completely fails to state any legal claim or satisfy federal pleading rules, and in any event, there can be no basis for a First or Fourth Amendment claim under 42 U.S.C. § 1983. There certainly is no basis for punitive damages against *individual* defendants performing their official duties. No amount of amending the Complaint will lead to a plausible claim.

WHEREFORE, based on the foregoing reasons, Defendants respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, in its entirety, with prejudice.

---

[2] If Plaintiff intends to seek tort damages, she has not alleged nor established compliance with the pre-suit notice requirements of section 768.28, Florida Statutes, and section 112.210, *et seq.*, of the Jacksonville Ordinance Code.

### Local Rule 3.01(g) Conferral

The undersigned counsel for the City conferred with the *pro se* Plaintiff on July 8, 2024. Plaintiff indicated that she opposes this motion to dismiss.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Craig D. Feiser*
Craig D. Feiser
Assistant General Counsel
Florida Bar No.: 164593
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 255-5100
Facsimile: (904) 255-5120
cfeiser@coj.net
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of July, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and mailed a copy of the foregoing to: Lana Patrick, 9378 Arlington Expressway, Jacksonville, FL 32225.

*/s/ Craig D. Feiser*
Craig D. Feiser

# TAB 37

## IN THE UNITED STATES DISTRICT COURT
## OF THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

LANA PATRICK,

      Plaintiff,

   v.                    **CASE NO.: 3:24-cv-580-WWB-SJH**
                                  **DISPOSITIVE MOTION**

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

      Defendants.

_____/

### PLANTIFF'S RESPONSE TO DEFENDANTS
### MOTION TO DISMISS WITH PREJUDICE

      Comes now the plantiff, by and through herself as pro se to respond to the defendants motion to dismiss with prejudice. I am unsure how the defense claims that refusing entrance into a public meeting for not giving Identification and then trespassing a journalist for not obeying their unlawful orders is somehow business as usual. For all the reasons below, I humbly ask the court to deny the defendants motion to dismiss with prejudice.

    1. Plaintiff filed a viable 1st amendment claim and served them via process server.

    2. Not only does DCSB not have any policy that requires ID to get into meetings, it don't have a policy that requires a state issued ID to get into the building.

    3. As I am sure the court is aware, no state law requires a person to have a state ID and as seen in exhibit 1 (timestamp 1:33), I offered to provide my name.

    4. Florida citizens have a right to attend open public meetings without being abused.

**MEMORANDUM OF LAW**

### A. FEDERAL PLEADING STANDARDS

The complaint I filed more than meets the pleading standards as the violations of my rights were clearly articulated.

1. My right of access to a public meeting was restricted for a make believe policy.

2. My right to gather information on public officals on matters of public interest was restricted and then taken away.

3. And when I published my news story, they filed a privacy strike to get it removed so the public couldn't see it. This is known as subsequent punishment, a form of prior restraint.

4. Not sure why the defense keeps bringing up them being sued in their individual capacity as if someone else was responsible for restricting, harassing and trespassing me.

5. Sitting down or speaking with a media person is neither an obligation or request that I have to honor. Looking over the rules of the school board meetings shows that there is no policy that I have to sit or talk to anyone to attend the meeting.

6. Yes I do agree that the defendants were acting under the color of law.

## B. THE COMPLAINT DOES STATE A CLAIM FOR RELIEF

The complaint absolutely states a claim for relief, and its been stated within here

as well. I am not sure if the defense understands 286.011 gives citizens the right to attend

public meetings with very few exceptions. They might be surprised to know that none of

those exceptions deal with having to identify to get in, sit down or talk to a media person.

They also might find it interesting that not identifying, standing and not talking to a media

person is not grounds to ask someone to leave or to remove them by force. In Florida an

unwanted touching is a crime, without legal authority to remove me is excessive force.

Citing to mainly out of district cases with fact patterns of disruption to try and justify

throwing me out for not creating a disturbance seems to be a stretch.

## C. QUALIFIED IMMUNITY

Qualified immunity is avalible only to those who have not violated a clearly established

right. However the right to free press also known as the right to gather information, specifically

about public employees dealing in matters of public interest is a well established right.

> Gathering information about government officials in a
> form that can readily be disseminated to others serves a cardinal First
> Amendment interest in protecting and promoting "the free discussion
> of governmental affairs." Mills v. Alabama, 384 U.S. 214, 218, 86 S.Ct.
> 1434, 16 L.Ed.2d 484 (1966).

As well it is a well established right to attend a public school board meeting without

providing identification.

> RE: GOVERNMENT IN THE SUNSHINE LAW–
> MEETINGS–MUNICIPALITIES–city may not require
> persons wishing to attend public meetings to provide
> identification as a condition of attendance. s. 286.011,
> Fla. Stat.
> Number: AGO 2005-13
> Issued February 16, 2005

> *Public access to meetings of public boards or*
> *commissions is a key element of the Sunshine Law.*
> *This office has stated that the term "public" means*
> *"the people as a whole" and that the phrase "open to*
> *the public" means open to all persons who choose to*
> *attend.[4] Section 286.011(6)*
> *Number:*
> *AGO 2005-13*
> *Issued*
> *February 16, 2005*

The fourth amendment also happens to be a well established right. Citing cases with fact patterns not close to this case just muddys the water. The facts remain clear, I was not disturbing the meeting, I did not have to obey their unlawful orders.

I would consider the interaction and their behavior as reckless disregard seeing as I made multiple attempts to allow them to do the right thing and let me back in.

As far as injuries go, this court I am sure is aware that the loss of a right, even for minimal amounts of time constitutes irreparable harm.

> *The loss of First Amendment freedoms,*
> *for even minimal periods of time,*
> *unquestionably constitutes irreparable*
> *injury.*
> *Elrod v. Burns, 427 U.S. 347 (1976)*

Denying me my right to report on the meeting by hindering me and then trespassing me without a valid reason is absolutely a violation of my rights.

Having my news report removed by filing a privacy complaint when working as a public employee with no expectation of privacy is a form of prior restraint know as subsequent punishment. Having my video removed is no different then buying all the copies of a paper in order to prevent the story from reaching the public.

> *A prior restraint, by contrast and by definition,*
> *has an immediate and irreversible sanction. If*
> *it can be said that a threat of criminal or civil*
> *sanctions after publication "chills" speech,*
> *prior restraint "freezes" it at least for the time.*
> *Nebraska Press Assn. v. Stuart, 427 US 539,*
> *559 - Supreme Court 1976*

I have asked for a reasonable amount compared to other cases where the 1st amendment has been violated. Without punishment for their violations, chances are they will continue to violate citizens rights.

For all the reasons listed in this response, we humbly ask this court to deny the defendants motion to dismiss and allow the case to move forward so justice can be done.

Respectfully submitted,

_____

Lana Patrick Pro Se
9378 Arlington Expy
Jacksonville FL 32225
Email: thejtownpress@gmail.com
Phone: 904-445-1589

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ¹⁹th day of July, 2024, I mailed a copy of the foregoing to: Craig D. Feiser
117 West Duval Street, Suite 480
Jacksonville, FL 32225.
cfeiser@coj.net

/s/                    _____
Lana Patrick Pro Se

# 2.25 SCHOOL BOARD RULES

As used in these rules, the term *rule* and *policy* shall have the same definition.

These rules may be amended, repealed, or a new rule adopted as hereinafter prescribed.

The term *rule* is defined in Florida Statutes; it does not include "curricula by an educational unit," thereby, removing the development or prescription of curriculum by a School Board from the procedural requirements established for rule making.

I. Unless an emergency exists, any proposal relating to a rule amendment, the repeal of any rule, or the adoption of a new rule shall be presented in writing to the School Board including a written explanation of the proposal.

    A. The Superintendent shall give immediate and proper written notice to the public pursuant to the provisions of Florida Statutes, when the School Board has determined that it will give due consideration to the proposal for adoption, amendment, or repeal of a rule. The notice of a public hearing shall be advertised twenty–eight (28) days prior to the date of the hearing. The notice shall include a brief and concise explanation of the proposed rule's purpose and effect, the estimate of economic impact to all individuals affected by the proposed rule or rule amendment, the specific legal authority for the School Board's action, and the location where the text of the proposed change may be obtained.

    B. Any person who is substantially affected by a proposed rule, rule amendment, or the repeal of a rule, may within twenty–one (21) days following notice of intent to adopt, amend or repeal such rule, file a written request with the School Board seeking an administrative determination as to the validity of the proposed rule action.

    C. The Superintendent shall file immediately in his/her office a copy of any new rule, rule amendment, or repeal of rule adopted by the School Board; policy manuals shall be amended accordingly.

    D. Such rules shall become effective upon adoption by the School Board unless a time certain date is specified therein.

II. Any person substantially affected by an existing School Board rule may petition the Division of Administrative Hearings, Florida Department of Administration, to conduct a hearing on the rule validity pursuant to Florida Statutes. Any hearing examiner's decision which is adverse to the School Board may, upon the School Board's appeal, be judicially reviewed. Any hearing examiner's decision which is adverse to the person substantially affected may, upon that person's appeal, be judicially reviewed.

III. The School Board may determine that the public health, safety, or welfare is endangered and that immediate action is required to protect the public interest. When this occurs, the School Board, at any meeting in which a quorum is present, may adopt emergency rules, without complying with the waiting period as provided in section herein for public hearings and other similar requirements. The Superintendent shall properly record the effective date for any such emergency rule. Any emergency rule shall not be valid in excess of ninety (90) days from the adoption or effective date.

IV. Any School Board employee, citizen, or agency may submit a rule proposal to the Superintendent for consideration.

V. A copy of the compiled rules shall be available for inspection in the Superintendent's office (or his/her designee's office), the principal's office, and on the District's website.

VI. Copies of the School Board rules shall be assigned to various positions within the District as determined by the Superintendent.

    A. A copy of any rule change shall be made available by the Superintendent to each holder of the compilation who shall be responsible for entering all changes immediately upon receipt.

    B. A copy of the School Board rules manual shall be available to all staff members in the principal's office and the District's website. The school principal shall keep the compilation current.

    C. The principal shall inform his/her staff members of the location of the School Board rules and any changes.

VII. A School Board rule may be waived only to provide and implement overall goals and objectives of the School Board and to protect and preserve the health, safety, and welfare of the affected individual(s). Waiver of a School Board rule shall be addressed and a decision rendered regarding its waiver at a regular, special or emergency School Board meeting and shall require an affirmative vote of at least five School Board members. A waiver of a School Board rule shall not render the policy void with respect to the continued implementation of the rule which is sought to be Any Florida Statute or State Board of Education rule which is waived pursuant to proper procedures shall automatically waive an identical School Board policy.

VIII. Sections, paragraphs, sentences, clauses, and phrases of the School Board policies shall be severable. Any phrase, clause, sentence, paragraph, or section of the School Board policies which is declared unconstitutional by the valid judgment of any court of competent jurisdiction shall not affect the constitutionality of any remaining phrases, clauses, sentences, paragraphs, and sections of the School Board policies.

IX. Any citizen may appeal to the Board for a variation or waiver with regard to any The appeal process shall be that a written request shall be made to the Superintendent who shall review the matter and present recommendations to resolve the problem at the next regular School Board meeting to which the item may be added as a part of the agenda. In cases where an appeal process has been developed for a specific policy, the appeal shall be made in accordance with that procedure.

X. The Superintendent or his/her designee is authorized to review policies and make technical corrections to policies that have already been adopted pursuant to this Policy, with such corrections being authorized upon approval by the Office of General Counsel and the Board Chairperson or his/her These technical corrections shall be deemed to be those corrections that correct grammar, formatting, or typographical errors only, and such technical corrections shall not affect the construction or meaning of the Policy. If any technical corrections are made pursuant to this section, then the Superintendent or his/her designee shall provide a written report notifying the Board of the same.

**STATUTORY AUTHORITY:** 1001.41, 1001.42, F.S. **LAW(S) IMPLEMENTED:** 120.52–120.72, 1001.41, 1001.42, 1001.43, F.S. **HISTORY: ADOPTED:** APRIL1, 1997 **REVISION DATE(S):** NOVEMBER 10, 2008; OCTOBER 7, 2014; JANUARY 7, 2019 **FORMERLY:** BGB, BGF

## 9.60 VISITORS

The School Board welcomes visits by parents and guardians in the school, especially if prearranged and for the purpose of conferences with teachers. Any visitor, which for the purpose of this policy shall mean a parent, volunteer, vendor, or other person who is not an employee of the School Board, or authorized by this policy, who enters the premises of a school shall report to the main office or security vestibule to explain the purpose of the visit and to get permission for the visit. Any visitor to the schools shall be made to feel welcome, shall be allowed to express concerns or questions to the appropriate person, and shall be treated with dignity and respect. The following procedures shall be followed:

I.  All visitors shall check in at the school's office and obtain permission for the visitation and a visitor's pass.
II.  Students' parent(s) and guardian(s), as defined by Florida Statutes, shall request a conference during non–student contact time to avoid interrupting the instructional program.
    A.  All visitors who wish to enter a classroom during an instructional period must have approval in advance by the principal or designee.
    B.  Teachers shall avoid discussing individual students with parents during class session and parents shall not engage teachers during periods of student supervision.
III.  Visitation by a non–enrolled student unaccompanied by his/her parent(s), or a student currently under suspension or expulsion, is prohibited unless prior approval has been granted by the principal.
IV.  Loitering in and around the school premises is prohibited.
V.  Only persons with legal authority to do so, such as School Board Security, law enforcement or Department of Children and Families personnel, shall be allowed to interrogate or question a student on District property without the consent of the student's parent(s).
VI.  Because staff and students should at all times feel that the school and work environment is safe and not hostile, all visitors to District property shall comply with all School Board policies while on District property and shall conduct themselves in a manner that is not disruptive, threatening or abusive.
    A.  Any visitor, or any other individual, who is disruptive, threatening or abusive shall first be asked to relocate to a location in the facility where no students are present and where the matter can be discussed and resolved in a professional manner.
    B.  Should the visitor, or other individual, refuse to relocate or continue to act in an inappropriate manner, the visitor and/or other individual will be asked to leave the facility. If the visitor/person refuses to leave, the principal, or his/her designee are authorized to issue a trespass warning and thereafter request from the local law enforcement agency whatever assistance is required to remove the individual.
    C.  Pursuant to section 810.097, F.S., any visitor, or other individual, who enters or remains upon District property after the principal, or his/her designee, has directed such person to leave District property, commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor of the first degree.
    D.  Any visitor, or other individual, who believes that he or she has been wrongfully notified that he or she may not return to the property, must first leave the property as requested, but may subsequently appeal the decision to the Superintendent or his/her designee.
    E.  Notwithstanding the above, school personnel shall always have the authority to notify appropriate law enforcement personnel should any visitor, or other individual, violate criminal statutes while on District property.
VII.  Board Member and Legislative Member School Visits
    A.  An individual member of the Duval County School Board may, on any day and at any time, at their pleasure, visit any district school in the School District of Duval County, Florida. A member of the Legislature may visit any public school in the legislative district of the member.
    B.  Board members and Legislative members as described in subsection (A) must sign in and sign out at the school's main office and wear their identification badge at all times while present on school premises. School or district staff may not require the member to provide notice before visiting the school. The school may offer, but may not require, an escort to accompany the member during the visit. School or district staff may not limit the duration or scope of the visit or direct the Legislative member visiting the school to leave the premises.
VIII.  Schools shall provide this policy to visitors upon request.

**STATUTORY AUTHORITY:** 1001.41, 1001.42, F.S. **LAW(S) IMPLEMENTED:** 810.097, 1001.4205, 1001.43, 1001.54, 1006.07, 1006.145, F.S. **ADOPTED:** APRIL 1, 1997 **REVISION DATE(S):** JANUARY 15, 2002; NOVEMBER 10, 2008; APRIL 7, 2015; MAY 8, 2017; MARCH 7, 2023; NOVEMBER 7, 2023. **FORMERLY: KI**

Back to Top

## 9.61 VISITOR IDENTIFICATION MEASURE

The Superintendent/designee shall develop and implement a plan for visible identification of visitors or other persons who are not students or employees of the school and shall periodically provide the School Board with the details of this plan. In developing and implementing the plan, consideration shall be given to the grade band of the school and input from the principals as to the implementation of such safety measures. School Board employees must sign in (manually or electronically) at the school office and wear their District identification badge at all times.

STATUTORY AUTHORITY: 1001.41, 1001.42, F.S.
LAW(S) IMPLEMENTED: 1006.12, 1001.43, F.S.
ADOPTED: NOVEMBER 10, 2008
REVISION DATE(S):

- NOVEMBER 5, 2019

FORMERLY: NEW

# TAB 45

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

v.                                                              CASE NO. 3:24-cv-580-WWB-SJH

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

        Defendants.
_____/

**ORDER**

The Court will conduct a telephone conference on August 8, 2024, at 10:00 a.m.

Participants must appear at the telephone conference by calling (888) 684-8852 at least

five minutes before the proceeding.  The access code is 9665004; the security code is

1963.  The Courtroom Deputy will digitally record the proceeding.

        **DONE AND ORDERED** in Jacksonville, Florida, on the 2nd day of August,

2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff
Counsel of Record

# TAB 46

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Lana Patrick,

       Plaintiff,

v.                              Case No.   3:24-580-WWB-SJH

Officer C. Graham and
Sergeant J.T. Wilson,

       Defendants.

---

**Plaintiff**                         Lana Patrick, Pro Se

**Counsel for Defendant**        Craig D. Feiser, Esquire

---

| JUDGE | Samuel J. Horovitz U. S. Magistrate Judge | DATE AND TIME | 8/8/2024 10:13 a.m. – 10:16 a.m. Recess 10:30 a.m. – 10:50 a.m. |
|---|---|---|---|
| DEPUTY CLERK | Tracee Perrotti | TAPE/REPORTER | None present |

CLERK'S MINUTES

**PROCEEDINGS:**         **STATUS CONFERENCE**

The parties are present by Zoom Video Conference.

The Court heard from the parties.

**Order to enter.**

**TAB 47**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

v.                                  CASE NO. 3:24-cv-580-WWB-SJH

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

        Defendants.

_____/

**<u>ORDER FOLLOWING HEARING</u>**

**THIS CAUSE** is before me following the status-conference hearing held on August 8, 2024, the record of which is incorporated herein. For the reasons stated on the record at the hearing, it is **ORDERED**:

1.    Defendants' Amended Motion to Dismiss Complaint with Prejudice (Doc. 9) is **denied without prejudice**.

2.    Defendants shall file a renewed motion or other response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1) **on or before August 23, 2024.** If Defendants file a renewed motion, Plaintiff shall file a response **on or before September 13, 2024**.

3.    The parties shall file their respective disclosure statements pursuant to Local Rule 3.03 **on or before August 29, 2024.**

4.    The parties shall file their joint case management report pursuant to

Local Rule 3.02 **on or before August 29, 2024**

      **DONE AND ORDERED** in Jacksonville, Florida, on the 8th day of August,

2024.

                                             Samuel J. Horovitz
                                    United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff
Counsel of Record

2

**TAB 49**

IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

       v.                       CASE NO.: 3:24-cv-580-WWB-SJH
                                  **DISPOSITIVE MOTION**

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

        Defendants.
_____/

## **DEFENDANTS' MOTION TO DISMISS**
## **COMPLAINT WITH PREJUDICE**

Defendants, Officer C. Graham and Sergeant J.T. Wilson, pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b) and 12(b)(6) and the Court's Order of August 8, 2024 (Doc. 13), hereby respectfully move that the Court enter an order dismissing with prejudice Plaintiff's Complaint (Doc. 1). For multiple reasons, Plaintiff's Complaint is frivolous, legally deficient, procedurally defective and fails to state a claim for relief. The Complaint should be dismissed with prejudice.

1.    Plaintiff filed her *pro se* Complaint on June 10, 2024. Plaintiff claims to be suing each Defendant in his individual capacity for actions taken while performing their duties as officers for the Duval County School Board ("DCSB").[1]

2.    Plaintiff attached three pages setting forth her allegations. She claims that she wished to attend a DCSB meeting but was initially denied entrance to the

_____

[1] There is no indication that each individual Defendant was properly served with the Complaint; only the DCSB was apparently served.

DCSB Building for refusing to produce identification or otherwise identify herself, per DCSB policy. Doc. 1 at ¶¶ 4-10. "Exhibit 1" to Plaintiff's Complaint, which is fully incorporated into and relied upon as part of her allegations, is a video apparently depicting the entirety of events that occurred on the day of the meeting. Plaintiff was ultimately allowed entry into the meeting without identification. Ex. 1 at 13:00.[2]

3.      Once inside the meeting, Plaintiff immediately went to the front of the room to film the meeting at close range. Doc. 1 at ¶ 12; Ex. 1 at 14:45. However, she claims Defendants "harassed" her by asking her to move, and when she refused to sit down or speak to the media person at the meeting, she was removed from the meeting. Doc. 1 at ¶¶ 13-14.

4.      Plaintiff conclusively alleges that her First Amendment rights were violated when she was "trespassed" from the meeting. She also alleges, again in conclusory fashion with no factual support, that her Fourth Amendment rights were violated due to the "excessive force" used in removing her from the meeting. She does not allege any sort of physical harm and Exhibit 1 shows no such harm.

5.      Lastly, Plaintiff claims her First Amendment rights were violated when Defendant Wilson "put a privacy strike" on her video and had it removed from

---

[2] The video at Exhibit 1 is 19 minutes and 26 seconds in length. Citations will be to the time each event occurred, *i.e.*, "Ex. 1 at 13:00" (the thirteen minute mark).

Youtube.  Doc. 1 at ¶¶ 15-22.[3]  None of the four counts in the Complaint contain any elements of a cause of action or any further detail or explanation as to how Defendants' actions (all of which were taken during the course of their *official* duties) somehow violated Plaintiffs' constitutional rights.

6.    Nonetheless, Plaintiff, without further explanation, seeks $100,000.00 in punitive damages.

7.    The Complaint is due to be dismissed for several reasons.  The individual Defendants have not been properly served and the allegations are wholly insufficient to state claims against them individually.  All of the events occurred during their employment as officers at a DCSB meeting.  They are entitled to qualified immunity for any individual claims, even if such claims could be properly stated.  The video exhibit fully shows that they are entitled to qualified immunity.

8.    Moreover, the Complaint fails to satisfy the basic federal pleading requirements and fails to state a claim against the Defendants.  Asking for identification (for security reasons) to enter the DCSB Building, asking Plaintiff not to disrupt the meeting, and removing her from the meeting when she refused to sit down or speak with the media person are not actions that violated her constitutional rights.  Lastly, there is no basis whatsoever for punitive damages against the individual Defendants.

---

[3] The video is currently available on Youtube.  *See* REPOST - You are required to sit when WE tell you or you'll be removed | JTOWN (youtube.com); https://www.youtube.com/watch?v=vmGsiq79yz0

## MEMORANDUM OF LAW

### A.    The Complaint Does Not Meet Federal Pleading Standards.

Plaintiff's Complaint is subject to dismissal because she fails to satisfy the pleading requirements and wholly fails to state a claim to relief that is plausible on its face.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).  Here, the Complaint is nothing more than conclusory statements with no elements of a cause of action.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981).  A court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions.  *See Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Here, the only facts are that Plaintiff failed to produce identification to enter the DCSB Building (but was ultimately allowed into the meeting without identifying

herself), was asked to sit down or speak with a media person present at the meeting when she tried to film from the front of the room, and was then removed from the meeting when she refused.  There are no elements of a constitutional claim, simply conclusory statements from these bare facts.  The Complaint wholly fails to meet federal pleading standards and cannot survive a motion to dismiss.

Plaintiff's conclusory and vague narrative fails to include a short and plain statement of the ultimate facts showing that she is entitled to relief, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  The Complaint is also procedurally defective.  Plaintiff alleges acts taken by the Defendants during the course of their DCSB employment while working at a meeting, and yet she claims to be suing them *individually* without any facts to demonstrate individual liability. The few facts there are simply attest to each Defendant performing his official duties as a DCSB officer.  They establish qualified immunity for the individual officers.  And lastly, Plaintiff alleges nothing that would support $100,000,00 in punitive damages against the individual Defendants.   The Complaint should be dismissed.

**B.    The Complaint Does Not State a Claim for Relief.**

Even taking any facts as true, the Complaint fails to state a plausible claim. Again, Plaintiff alleges nothing more than being asked for identification (and then allowed into the meeting anyway), being asked to leave the front of the meeting room, and being removed from the meeting when she refused.  Plaintiff then claims constitutional violations against the individual Defendants in wholly conclusory

fashion, with no further explanation or anything establishing the elements of a constitutional claim.

A full review of the nearly 20-minute video, incorporated as part of the Complaint, tells the story. Plaintiff entered the DCSB Building, the headquarters of the DCSB that houses many public offices and requires security, and it quickly becomes clear that Plaintiff was looking for a fight. She was simply asked to produce identification in order to obtain a visitors badge to enter the building, a standard policy for all visitors to this sensitive building. Ex. 1 at 0:30, 0:45, 1:11; 3:18. From this moment, Plaintiff becomes belligerent, combative and insulting to public employees who were merely trying to do their jobs. Ex. 1 at 2:00 ("I don't care what your rules are"); 2:55 ("I don't care about your policy"); 5:00 (refusing to move so others can enter the building); 8:15 ("I don't care what your rules are"). Officer Graham, in the meantime, remains calm and respectful through the entire encounter, explaining that visitors must show identification and have temporary badges for the security of the building. Ex. 1 at 10:15.

Once Sgt. Wilson arrives, he de-escalates the situation by nonetheless allowing the Plaintiff into the building, where she enters the meeting room and goes straight to the front, standing at the end of the aisle. Ex. 1 at 15:00. Contrary to her allegations in the Complaint, the video then shows Sgt. Wilson calmly asking her to either sit down or talk to the public media person. Ex. 1 at 15:30; 15:45. Plaintiff repeatedly refuses and again becomes combative and disruptive in the middle of the meeting. Finally, Officer Graham calmly escorts her out, physically

guiding her out of the building but never placing her arms behind her back and without physically harming her in any way.  Ex. 1 at 16:45.

Once outside, Plaintiff is free to leave, and the officers calmly explain to her that she was removed from the building for being disruptive and refusing to follow directions.  Plaintiff then attempts to force her way back into the building, threatens the officers, and ultimately resorts to belittling and insulting them and calling them names.  Ex. 1 at 18:36 ("I guess that's why you are working for the School Board"); 18:54 (calling officer a "thug").  Both officers continue to remain calm and do not escalate the situation until Plaintiff finally leaves the premises.

How the officers' actions could possibly violate Plaintiff's constitutional rights defies both logic and legal precedent.  Plaintiff's allegations, especially when viewed in conjunction with the video, merely establish that the individual Defendants were performing their official duties at the DCSB meeting. The Complaint states vague allegations showing that the Defendants were doing their jobs as officials for the DCSB police department.  Asking for identification (and then letting Plaintiff into the meeting without identification) and asking Plaintiff to sit or move away from the front of the meeting room did not violate her First Amendment rights.

There is nothing unconstitutional about requiring members of the media or public to stand in a certain area so as not to disrupt a public meeting.  *See, e.g., Jones v. Heyman*, 888 F.2d 1328, 1331-33 (11th Cir. 1989) (holding that mayor's actions in attempting to confine speaker to agenda item at commission meeting and

having speaker removed when speaker became disruptive did not violate the First Amendment).   The reason for this is simple: school board meetings "cannot accommodate the sort of uninhibited, unstructured speech that characterizes a public park." *Lowery v. Jefferson City Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009).  Such meetings are limited public forums that can be restricted in the interest of decorum and to avoid disruption.  *See id.*  Certainly, the DCSB headquarters is not a traditional public forum, and it is not unconstitutional to ask for identification so visitors can wear badges while in the building.

Removing the Plaintiff from the meeting when she refused to adhere to reasonable restrictions, even with some physical touching, also did not violate her Fourth Amendment rights.  *See, e.g.*, *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 522-24 (6th Cir. 2019) (officers' removal of plaintiff from public meeting was not a Fourth Amendment violation when plaintiff violated council rules and refused to leave, even if officers held plaintiff's hand or arm and used force in guiding her out of the meeting, and she was then unrestricted once outside the building).   As in *Youkhanna*, Plaintiff here alleges nothing more than being physically guided out of the building.  That is exactly what the video shows, with nothing close to excessive force.  Plaintiff has not alleged a plausible Fourth Amendment claim.

In short, the allegations in the Complaint do not establish a constitutional violation, and the video exhibit contradicts the Complaint's story at every turn.  The Complaint should be dismissed with prejudice.

**C.    The Defendants Are Entitled to Qualified Immunity.**

Even if Plaintiff had a basis to sue these two officers in their individual capacities for performing their official duties as DCSB officers, the allegations as pled in the Complaint and the incorporated video exhibit clearly entitle the two officers to qualified immunity.  *See, e.g., Collinson v. Gott*, 895 F.2d 994, 997 (4th Cir. 1990) (officers who evicted a citizen from a public meeting were entitled to qualified immunity for First Amendment claims); *Heaney v. Roberts*, 846 F.3d 795, 803-804 (5th Cir. 2017) (police officers entitled to qualified immunity for First and Fourth Amendment claims arising out of removing citizen from meeting due to disruption); *Youkhanna*, 934 F.3d at 522-24 (officers' removal of plaintiff from public meeting was not a Fourth Amendment violation even if officers held plaintiff's hand or arm and used force in guiding her out of the meeting, and she was then unrestricted once outside the building).

The officers here were simply performing their duties as DCSB officers; they explained the policies and calmly asked Plaintiff to comply with directions, then calmly removed her from the building when she repeatedly and defiantly refused. Under no circumstances did the officers violate Plaintiff's clearly established constitutional rights.  The officers are immune from individual liability and there is no way to overcome that immunity through amending the Complaint.  It should be dismissed with prejudice.

**D.    There is No Claim Based on the Youtube Video.**

It is also completely unclear how removing a video from Youtube, apparently due to privacy concerns, violated Plaintiff's First Amendment rights or how Sgt. Wilson would be responsible individually for Youtube's decision to remove a video. Notably, police officers are entitled to keep their identifying personal information private under Florida law.  *See* Fla. Stat. § 119.071(4)(d)2.a.  There is nowhere near enough factual detail for Defendants to properly answer the Complaint.

In any event, as shown above, there are currently *two* videos on Youtube of the events at issue, with plenty of commentary from the Plaintiff, who posted the videos.  This claim has no merit.

**E.    There is No Basis for Punitive Damages.**

Lastly, Plaintiff frivolously seeks $100,000.00 in punitive damages against these two Defendants in their individual capacities.   The allegations and the depictions in the video do not come close to the kind of "evil motive or intent" or "reckless or callous disregard of or indifference to" constitutional rights, or other rare "special circumstances," necessary to recover punitive damages against these individual defendants.  *See Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir. 1983); *Mitros v. Cooke*, 170 F. Supp. 2d 504, 507-508 (E.D. Pa. 2001); *Does 1-22 v. Board of Education of Prince George's Co.*, 644 F. Supp. 3d 149, 162-63 (D. Md. 2022).  The officers were simply doing their jobs.  The video shows the officers were calm and respectful throughout the incident, attempted to explain the polices and procedures to the Plaintiff, and did not use excessive force in guiding

her out of the DCSB headquarters.  Once outside, they did not restrain Plaintiff in any way, and remained calm despite Plaintiff's insults and abuse.

Plaintiff's claim for punitive damages is frivolous.  There are absolutely no allegations establishing an entitlement to punitive damages against individual defendants, much less such an outrageous amount of damages.[4]  The video shows nothing to support the allegations in the Complaint, and in fact contradicts the inflammatory allegations in the Complaint.  There is no meritorious claim for relief alleged in the Complaint.

## F.   Conclusion.

Plaintiff has failed to state a plausible claim for any violation of the First or Fourth Amendment.  The video, incorporated into the Complaint, verifies this at every turn.  Official acts in keeping with DCSB meeting decorum did not violate Plaintiff's constitutional rights, and the two individual officers are entitled to qualified immunity.  The Complaint completely fails to state any legal claim or satisfy federal pleading rules, and in any event, there can be no basis for a First or Fourth Amendment claim under 42 U.S.C. § 1983.  There certainly is no basis for punitive damages against *individual* defendants performing their official duties.  No amount of amending the Complaint will lead to a plausible claim.

---

[4] If Plaintiff intends to seek tort damages, she has not alleged nor established compliance with the pre-suit notice requirements of section 768.28, Florida Statutes, and section 112.210, *et seq.*, of the Jacksonville Ordinance Code.

WHEREFORE, based on the foregoing reasons, Defendants respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, in its entirety, with prejudice.

## Local Rule 3.01(g) Conferral

The undersigned counsel for the City previously conferred with the *pro se* Plaintiff on July 8, 2024. Plaintiff indicated that she opposes the motion to dismiss.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Craig D. Feiser*
Craig D. Feiser
Assistant General Counsel
Florida Bar No.: 164593
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone:  (904) 255-5100
Facsimile:  (904) 255-5120
cfeiser@coj.net
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and mailed a copy of the foregoing to:  Lana Patrick, 9378 Arlington Expressway, Jacksonville, FL 32225.

*/s/ Craig D. Feiser*
Craig D. Feiser

# TAB 61

IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

      v.                  CASE NO.: 3:24-cv-580-WWB-SJH

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

        Defendants.

_____/

**<u>PLAINTIFFS'  RESPONSE TO DEFENDANTS MOTION TO</u>**

**<u>DISMISS COMPLAINT WITH PREJUDICE</u>**

      Plaintiff comes before this court to respectfully deny the defendants motion to dismiss for the reasons listed in this response and in the pursuit of justice.

      The main reason being justice for my rights being violated, and it seems too clarify to the defense exactly what a citizens rights are and how their duty isn't to violate them.

      1.  I am suing each defendant in their individual capacity as their actions were not motivated by a custom or policy and were done of their own free will.  Service was proper as per Federal Rule of Civil procedure 5 (b)(2)(B)(i) which states:

> *(B) leaving it:*
>
> *(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office;*

_____

1

Defendant admitted that the office recieved it and they seemed to have missed no deadline. Is the defense under the impression each individual has to be personally served?

2. The defense talks about some policy to identify myself, but the problem is that they dont have a policy that requires my ID before entering, and they are not allowed to require ID to get into a public meeting. The Florida Attorney General has already addressed this issue in AGO 2005-13[1] which states:

> *Similarly, the requirement that members of the*
> *public must provide identification prior to their*
> *attendance at a public meeting could have a chilling*
> *effect on the public's willingness to attend. Nothing*
> *in the Sunshine Law imposes such a requirement.*

The act of restricting my access from recording the meeting because of a policy that wouldnt be lawful if they had one to begin with, could be seen as prior restraint.

> *Quoting Cooper v. Dillon, 403 F.3d 1208 (2005)*
> *Prior restraints have also been found where the government*
> *has unbridled discretion to limit access to a particular*
> *public forum. See United States v. Frandsen, 212 F.3d 1231,*
> *1236-37 (11th Cir.2000) (finding prior restraint where a*
> *National Park Service licensing scheme gave park official*
> *unlimited power to grant or deny permits to protest in the*
> *park)*

I think depositions are in order to find out how many times these defendants have denied access to public meetings for not providing ID as part of their regular duties.

3. I was under no obligation to either sit or talk to the media person, I was also under no obligation to listen to the officers unlawful commands. There is no policy saying that I couldnt stand there. I was recording quietly and no one in the meeting asked me to leave.

---

[1] https://www.myfloridalegal.com/ag-opinions/sunshine-law-identification-as-condition-of-attendance

4. The defense seems to not understand that citizens have a liberty interest in visiting publicly accessible public places.

> *Because Plaintiffs possess a private liberty interest in lawfully visiting city property that is open to the public (an interest of which Plaintiffs will be deprivedby the issuance of a trespass warning) Catron, et al. v. City of St. Petersburg, FL, No. 10-12032 (11th Cir. 2011) Page 10*

Without a crime the officers lack the authority to stop me from engaging my first amendment rights.

> *A police officer is not a law unto himself;  he cannot give an order that has no colorable legal basis and then arrest a person who defies it.   So it is here:  because Iacobucci's activities were peaceful,  not performed in derogation of any law, and done in the exercise of his First Amendment rights, Boulter lacked the authority to stop them.*
> *IACOBUCCI v. BOULTER (1st circuit 1999) II, C*

In Iacobucci the plaintiff was recording inside the hallway after a public meeting and the officer asked him to stop recording and arrested him when he didn't.

As was stated in Iacobucci, an officer is not a law unto themself, an order to sit down or talk to a media person are not lawful orders and can be ignored. Without the authority to ask me to leave, "guiding" me out becomes an unwanted touching which is a battery under Florida law

> *784.03   Battery; felony battery.—*
> *(1)(a)   The offense of battery occurs when a person:*
> *1.   Actually and intentionally touches or strikes another person against the will of the other;*

Realizing that you wouldn't get charged by fellow officers, I decided to deal with it civilly as an excessive force claim.

---

Surely the defense knows that just having an officer on scene is a use of force according to the force continuum, empty hand control is third, just under less lethal.[2]

It seems that empty hand control is used to restrain someone and not to "guide" a citizen from somewhere they have a right to be, when they have committed no crime or broken a rule. The act of "guiding" someone out then becomes an unwanted touching and an excessive use of force.

> *Moreover, under this circuit's test for evaluating an excessive force claim the court must examine: (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically. Byrd v. Clark, 783 F.2d 1002, 1006, (11th Cir.1986); Gilmere v. City of Atlanta, 774 F.2d 1495, 1501 (11th Cir.1985) (en banc).*
> *Leslie v. Ingram, 786 F. 2d 1533,1536 - Court of Appeals, 11th Circuit 1986*

The defense fails in the fact that there was no need to apply force, a simple verbalization of leave or go to jail would of sufficed.

5. I'm not sure the defense understands subsequent punishment, a form of prior restraint that happens after publishing. The defendant in filing a privacy strike that took down my story about his unlawful behavior is no different then the mayor buying up all the newspapers to keep the public from reading the story about him. We have a right to record our officials and we also have a right to disseminate that recording to the public.

> *Surely no sensible official reading these long-on-the-books opinions could believe that that act —assuming it represents an adverse action —was not a burden on Berge's First Amendment right to publish on a matter of public concern.*
> *Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024)*

[2] https://nij.ojp.gov/topics/articles/use-force-continuum

In Berge the plaintiff made a recording of his public officials and posted it to his Facebook account, the school board threatened legal action if he didn't take it down. I think its important that we remember

> Official reprisal for protected speech "offends the Constitution [because] it threatens to inhibit exercise of the protected right," Crawford-El v. Britton, 523 U. S. 574, 588, n. 10 (1998), and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out, id., at 592; see also Perry v. Sindermann, 408 U. S. 593, 597 (1972) (noting that the government may not punish a person or deprive him of a benefit on the basis of his "constitutionally protected speech")
> Hartman v. Moore, 547 U.S. 250 (2006) II

The defense doesn't get to privacy strike my video to get it taken down because he doesn't like the way he behaved. That is a violation of my right to publish, a first amendment right thats clearly established.

6. Punitive damages are needed to punish these defendants for violating my rights, they dont seem to learn any other way. They dont fare any better when their defense is that violating rights is just part of their everyday duties.

> Smith correctly concedes that "punitive damages are available in a `proper' § 1983 action . . . ." Carlson v. Green, 446 U. S. 14, 22 (1980); Brief for Petitioner 8. Although there was debate about the theoretical correctness of the punitive damages doctrine in the latter part of the last century, the doctrine was accepted as settled law by nearly all state and federal courts, including this Court.[3] It was likewise generally established that individual public officers were liable for punitive damages for their misconduct on the same basis as other individual defendants.
> Smith v. Wade, 461 US 30,35 - Supreme Court 1983

They showed absolutely no regard for my rights and violated them without even thinking about it. The violation was malicious as you can see the joy in the face of the defandants as they kicked me out and mocked me.

For all the reasons stated above I kind request the court denies the defedants

motion to dismiss so that justice can preveil.


Submitted on the 6th day of September, 2024


Respectfully submitted,


**Lana Patrick, Pro Se**
**9378 Arlington Expressway,**
**Jacksonville, FL 32225.**
**thejtownpress@gmail.com**
**904-445-1589**


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY that on this      day of September, 2024, I mailed
a copy of the foregoing to:**

**Craig D. Feiser**
**Assistant General Counsel**
**117 West Duval Street, Suite 480**
**Jacksonville, Florida 32202**


**6**

# TAB 67

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LANA PATRICK,

        Plaintiff,

v.                                        Case No.: 3:24-cv-580-WWB-SJH

GRAHAM and WILSON,

        Defendants.

_____

**ORDER**

       THIS CAUSE is before the Court on the Case Management Report filed by the parties (Doc. 17). The report indicates that the parties have not yet agreed on a mediator. Therefore, the parties are directed to confer, and then advise the Court, on the selection of a mediator, on or before **October 11, 2024**.

       **DONE** and **ORDERED** in Jacksonville, Florida on September 11, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

**TAB 68**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

       Plaintiff,

v.                                CASE NO. 3:24-cv-580-WWB-SJH

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*. On October 2, 2024, Plaintiff filed Rule 26(a)(1) Disclosures ("Notice"). Doc. 21. Discovery materials "must not be filed until they are used in the proceeding or the court orders filing[.]" Fed. R. Civ. P. 5(d)(1). The Court has not ordered the parties to file any discovery materials, and it does not appear that filing is necessary at this time. Therefore, the Notice is **stricken without prejudice** to filing at a later time if necessary. Plaintiff should ensure that such discovery materials are not routinely filed in the future.

**DONE AND ORDERED** in Jacksonville, Florida, on October 2, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff
Counsel of Record

2

TAB 70

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

v.                                 CASE NO. 3:24-cv-580-WWB-SJH

OFFICER GRAHAM, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me on Defendants' Motion to Dismiss Complaint with Prejudice ("Motion"), Doc. 16, and Plaintiff's response in opposition thereto ("Response"), Doc. 18. For the reasons below, I respectfully **recommend** the Motion be **granted** to the extent stated herein.

### I.    Background

Plaintiff, proceeding *pro se*, filed a Complaint for Violation of Civil Rights ("Complaint") against Defendants, two Duval County School Board ("DCSB") officers, seeking relief under 42 U.S.C. § 1983 ("§ 1983"). Doc. 1. All claims stem from the efforts of Plaintiff, "an independent Journalist/Activist[,]" to attend a DCSB meeting on March 12, 2024. *See id.* at ¶¶ 1, 4-22. Count One alleges Defendants violated Plaintiff's First Amendment rights by removing and trespassing her from the building where the meeting was held. *See id.*, ¶¶ 15-16. Count Two alleges the same conduct was an unlawful "prior restraint" that restricted her "ability to gather

information to disseminate to the public." *See id.*, ¶¶ 17-18. Count Three alleges Defendant Graham violated Plaintiff's Fourth Amendment rights by using excessive force to unlawfully remove her from the building. *See id.*, ¶¶ 19-20. Count Four alleges Defendant Wilson violated Plaintiff's First Amendment rights by having a news report from Plaintiff removed from youtube. *See id.*, ¶¶ 21-22. Exhibit 1 to Plaintiff's Complaint is a video file contained on a flash drive that, for purposes of the Motion, is incorporated into the Complaint and depicts most of the events at issue ("the Video"). *See* Doc. 1 at ¶¶ 6-11, 13-14 & Ex. 1; *see also* Doc. 16 at 2, 6-7.[1]

Defendants move for dismissal of all claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule(s)"), arguing that all claims fail to state a plausible claim for relief and that they are entitled to qualified immunity. *See generally* Doc 16.[2]

## II.   Standard

A pleading stating "a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement

---

[1] The Video generally depicts the events relating to the allegations of Counts One, Two, and Three of the Complaint; it does not depict additional events relating to Count Four.

[2] In addition to Rule 12(b)(6), Defendants also cite Rules 8(a)(2) and 10(b). I discern no general and non-substantive pleading deficiencies, so I will consider any arguments under Rules 8 and 10 in connection with the substantive arguments under Rule 12(b)(6). In a footnote, Defendants also state that "[t]here is no indication that each individual Defendant was properly served with the Complaint; only the DCSB was apparently served." Doc. 16 at 1 n.1. Paragraph seven of the Motion similarly states in passing that "[t]he individual Defendants have not been properly served" but then proceeds to argue about the sufficiency of the allegations against them. *See id.* at 3. These fleeting and undeveloped contentions contain no record citations, no citations of legal authority, and no arguments. *See id.* Nor do Defendants invoke Rule 12(b)(5). *See id.* at 1. Accordingly, it appears Defendants have waived any challenge to service of process. *See* Rule 12(h)(1); *see also Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024). Regardless, Defendants' substantive arguments are meritorious, which also obviates the need to consider their argument that Plaintiff lacks a basis to seek punitive damages.

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Fed. R. Civ. P. 8(a); *see also Gamble v. Gamble*, No. 8:09-cv-369-T-30TGW, 2009 WL 580323, at *1 (M.D. Fla. Mar. 6, 2009). In addition, a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see also Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 WL 4918264, at *2 (M.D. Fla. Oct. 4, 2019); *Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (quotation omitted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

In reviewing the sufficiency of a pleading, consideration is limited to the complaint and exhibits attached thereto, except that the Court may also consider

documents under the "incorporation-by-reference doctrine" or that are subject to judicial notice. *See Swinford v. Santos*, --- F. 4th ---, No. 22-13675, 2024 WL 4661097, at *5 (11th Cir. Nov. 4, 2024); *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023). Here, the Video is attached as an exhibit to the Complaint and incorporated by reference therein, and its authenticity is not challenged, so it is considered in addressing the Motion.[3]

In ruling on a motion to dismiss, the facts alleged in the pleading are taken as true, drawing all reasonable inferences in the plaintiff's favor. *Jackson v. City of Atlanta, Ga.*, 97 F.4th 1343, 1350 (11th Cir. 2024). Where incorporated video footage "'is clear and obviously contradicts the plaintiff's alleged facts,'" the Court accepts "'the video's depiction instead of the complaint's account," and the facts are viewed "'in the light depicted by the video.'" *Id.* at 1350 (citation omitted). Where there is not a clear and obvious conflict, however, the facts alleged in the complaint are accepted. *See id.* at 1358-59. The Court must also "'construe all ambiguities in the video footage in favor of the plaintiff.'" *See id.* at 1350 (citation omitted). *Pro se* pleadings are construed liberally and held to a less stringent standard that is applied to pleadings drafted by

---

[3] The incorporation-by-reference doctrine applies to an item that is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024); *see also Swinford*, 2024 WL 4661097, at *5. The doctrine is not limited to written instruments and, where applicable, may also apply to video footage. *See Swinford*, 2024 WL 4661097, at *5; *Johnson*, 107 F.4th at 1298; *Baker*, 67 F.4th at 1276-77; *see also Lewis v. Reyes*, No. 23-12171, 2024 WL 1155813, at ** 1-2 & n.1 (11th Cir. Mar. 18, 2024). It appears that in certain place(s) the Video may have been spliced to cut (presumptively immaterial) footage. *See, e.g.*, Video at 1:13-1:17, 3:26-3:30, 5:19-5:47, 11:03-11:08, 11:22-11:44. Because both parties rely on the Video and neither challenges its authenticity or suggests anything material was cut or not captured, it is appropriately considered. *See Swinford*, 2024 WL 4661097, at *5; *Johnson*, 107 F.4th at 1300.

4

lawyers, but courts still "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020); *see also LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).[4]

## III.    Facts

Applying the foregoing standard, for purposes of the Motion, the facts are as follows:

Plaintiff attempted to enter the DCSB building where the board meeting was held. *See* Video at 0:01-0:14. She was asked to produce identification, which she was told was a standard requirement for entry consistent with a sign posted at the entry point. *Id.* at 0:14-0:26. She said she did not have identification. *Id.* at 0:26-0:30. She and Defendant Graham discussed the issue for some time. *Id.* at 1:18-11:24. Throughout this encounter, Defendant Graham remained calm and professional, even as Plaintiff at times became argumentative. *Id.*

Eventually, Defendant Wilson arrived. *Id.* at 11:47. After a brief discussion, he ultimately allowed Plaintiff to enter the building and meeting without producing identification. *Id.* at 12:42-13:04. Upon entering the meeting, Plaintiff walked toward the front of the room and stood in the aisle filming. *Id.* at 14:39-14:55. All other visible attendees at the meeting were sitting. *Id.* Defendant Wilson calmly, quietly, and repeatedly, asked Plaintiff to be seated. *Id.* at 15:11-15:30. Though Defendant Wilson

---

[4] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36–2.

had said nothing about filming—only asking Plaintiff to sit rather than stand in the aisle—she refused and argued, in a louder voice, insisting that she was permitted to film the meeting. *Id.* at 15:11-15:36. Defendant Wilson, calmly talking in a hushed and nondisruptive tone, continued to try to reason with Plaintiff, who continued to argue in a non-hushed voice. *Id.* at 15:36-16:04. During this time Plaintiff is clearly observed still standing in the aisle and raising her voice, with Defendant Wilson attempting to reason with her, asking her to come to the back of the room to continue the discussion with the media relations supervisor who was seated in a rear row. *Id.* Plaintiff refused. *Id.* Finally, with Plaintiff still standing in the aisle, raising her voice, and having refused repeated requests to be seated or continue the discussion in the back of the room, Defendant Graham, at Defendant Wilson's request, calmly escorted Plaintiff out of the building as she protested her removal. *Id.* at 16:05-16:53; *see also* Complaint, at ¶ 14 (alleging Plaintiff was removed "because [she] wouldn't listen to Sgt [W]ilson's unlawful orders to sit down or talk to the media guy"). In the process, Defendant Graham guided her and had his hands on her person, but with minimal physical contact. *Id.*

Once Plaintiff was outside the building, she was told by Defendant Wilson that she was free to leave but that she was not permitted to reenter the building for the

meeting and had been removed for her disruptive behavior and refusal to follow instructions. *Id.* at 16:57-17:42.[5] Plaintiff eventually left the location. *Id.* at 19:15-19:16.

## IV.    Law and Discussion

"To state a claim under section 1983, [Plaintiff] must allege that an act or omission, committed by a person acting under color of state law, deprived [her] of a right, privilege, or immunity secured by the Constitution or a federal statute." *A.W. by & Through J.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024). "To defeat a qualified immunity defense on a motion to dismiss, the operative complaint must plausibly plead that the defendant violated the plaintiff's federal rights and those rights were clearly established." *Jackson*, 97 F.4th at 1350;[6] *see also Leslie v. Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338, 1343 (11th Cir. 2013) ("A motion to dismiss a complaint on qualified immunity grounds will be granted if the complaint fails to allege the violation of a clearly established constitutional right.") (quotation and internal quotation marks omitted). Thus, to survive a motion to dismiss based on qualified immunity, Plaintiff must sufficiently allege that Defendants violated her constitutional right(s) and that the right involved was clearly established at the time of

---

[5] For example, Defendant Wilson advised (as the previously referenced footage confirms) that Plaintiff was asked to be seated, but she insisted that it was a public meeting so she was not required to do so. *Id.* at 16:57-17:02.

[6] A qualified immunity defense also requires a defendant to be acting in a discretionary capacity; Plaintiff makes no argument that Defendants here were not. *See id.* at 1350 n.3; *see also Mikko v. City of Atlanta, Ga.*, 857 F.3d 1136, 1144 (11th Cir. 2017) ("A government official acts within his discretionary authority if his actions were (1) undertaken pursuant to the performance of his duties and (2) within the scope of his authority.").

the alleged misconduct, which elements may be addressed in either order. *See Leslie*, 720 F.3d at 1345.

"Qualified immunity protects all but the plainly incompetent or those who knowingly violate federal law; it does not extend to one who knew or reasonably should have known that his or her actions would violate the plaintiff's federal rights." *Gaines v. Wardynski*, 871 F.3d 1203, 1207 (11th Cir. 2017). Whether a constitutional violation is clearly established must be considered "in light of the specific context of the case, not as a broad general proposition." *Leslie*, 720 F.3d at 1345 (quotation and internal quotation marks omitted); *see also Gaines*, 871 F.3d at 1208. The "dispositive inquiry in determining whether a right is *clearly* established is whether it would be *clear* to a reasonable [state official] that his conduct was unlawful in the situation he confronted." *Leslie*, 720 F.3d at 1345 (quotation and internal quotation marks omitted). In other words, Defendants must have "*fair warning* that their alleged treatment of" Plaintiff was unconstitutional. *Id.* (quotation and internal quotation marks omitted). Law can be clearly established only by the United States Supreme Court, the Eleventh Circuit, or the highest court of the state where the case arose. *Id.*; *see also Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016).

A plaintiff must show law was clearly established in one of three ways. *See Leslie*, 720 F.3d at 1345. "First, if judicial precedents in an area are tied to particular facts," the plaintiff "must 'show that a materially similar case has already been decided.'" *Id.* (quotation omitted). "Second, if judicial precedents are not tied to

particular facts," the plaintiff "may 'point to a broader, clearly established principle [that] should control the novel facts [of the] situation.'" *Id.* (quotation omitted). Under this second "approach, 'the principle must be established with obvious clarity by the case law so that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted.'" *Id.* (quotation omitted). Third and finally, the case may involve conduct that so obviously violates the Constitution that no prior case law is necessary. *See id.* at 1346. The second and third methods for showing clearly established law— "generally known as 'obvious clarity' cases"—are rare and exceptional. *See Gaines*, 871 F.3d at 1209. "It is particularly difficult to overcome the qualified immunity defense in the First Amendment context." *See id.* at 1210; *see also Dayton v. Brechnitz*, No. 2:20-cv-307-SPC-MRM, 2021 WL 5163225, at *8 (M.D. Fla. Nov. 5, 2021).

### a.    Count One

Count One allege Defendants violated Plaintiff's First Amendment rights by trespassing her from the building where the school board meeting was held. *See* Doc. 1 at ¶¶ 15-16. Though expressly based on Defendants trespassing Plaintiff, in caution and to liberally construe Plaintiff's *pro se* pleading, and based on certain arguments in her Response, I will consider whether Defendants violated Plaintiff's clearly established First Amendment rights both in (i) delaying her entry into the building

when initially asking for (though ultimately not insisting on) identification; and (ii) eventually removing her from the building.[7]

"The government's ability to impose restrictions on speech varies depending on the nature of the forum[,]" of which there are four recognized "types: the traditional public forum, the designated public forum, the limited public forum, and the nonpublic forum." *McDonough v. Garcia*, 116 F.4th 1319, 1322, 1325 (11th Cir. 2024) (en banc). Content restrictions in a traditional public forum or a designated public forum are reviewed under strict scrutiny, whereas regulations are permissible in a limited public forum or nonpublic forum so long as they are reasonable and viewpoint neutral. *See id.* In short, restrictions in a limited public forum and a nonpublic forum are governed by the same test and are lawful if viewpoint neutral and reasonable in light of the purpose served by the forum, even if not narrowly tailored to serve a government interest. *See id.* at 1322-28 & n.4. Defendants argue that the school board meeting was a limited public forum, which Plaintiff does not address or dispute, *see* Doc. 16 at 8; Doc. 18; *see also Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Sch.*, 118 F.4th 1324, 1331 (11th Cir. 2024); *Huggins v. Sch. Dist. of Manatee Cnty.*, No. 8:22-cv-1183-WFJ-TGW, 2022 WL 4095065, at \*5 (M.D. Fla. Sept. 7, 2022) (agreeing that "school board meetings that include periods for public comment are generally considered limited public forums").

---

[7] The Video gives no indication of any formal trespass or future ban. Nor does Plaintiff allege that she was banned or otherwise prevented from later reentering the building or attending future meetings. I consider only what Plaintiff has plausibly alleged and the Video shows—that she was *temporarily* removed from the building and the one meeting, not that she was indefinitely trespassed.

First, to the extent Plaintiff alleges Defendants violated her clearly established constitutional rights by initially asking for her identification before allowing her entry into the building or meeting (though eventually allowing her to enter without producing identification), I disagree.

Plaintiff was told the identification requirement was a policy, which is consistent with a sign observable in the Video. *See* Complaint, ¶ 6; Video at 0:09-0:30. There is no indication or allegation that Plaintiff alone was singled out for identification, though, upon her protest, she was eventually allowed to enter without proof of identification. *See* Complaint, ¶ 10.

Plaintiff points to no clearly established law that the temporary delay and request for identification violated her federal rights. She instead argues (i) requiring identification is inconsistent with a Florida Attorney General opinion addressing the Florida Sunshine Law; and (ii) it "could be seen as a prior restraint" to the extent it gives the government "'unbridled discretion to limit access to a particular public forum.'" *See* Doc. 18 at 2 (citing Florida Attorney General Opinion 2005-13 and *quoting Cooper v. Dillon*, 403 F.3d 1208, 1215 (11th Cir. 2005)). These arguments lack merit.

Preliminarily, reliance on the Florida Attorney General Opinion is doubly deficient as it is not the United States Supreme Court, Eleventh Circuit, or Florida Supreme Court, and thus cannot clearly establish law for qualified immunity purposes. *See Jacoby*, 835 F.3d at 1344; *Leslie*, 720 F.3d at 1345. But even if it could, Plaintiff's Section 1983 claim must be based on violation of a *federally* protected right; even a

clearly established violation of state law is not actionable under § 1983. *See Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right."); *see also Lovette v. Paul*, No. 08-80940-CIV-MARRA, 2009 WL 10674216, at *1 (S.D. Fla. May 29, 2009) ("Any claim that the defendant failed in her duty to obey the Florida Public Records Act does not state a claim of a violation of federal constitutional law cognizable in a § 1983 action."), *report and recommendation adopted*, 2009 WL 10674218 (S.D. Fla. June 30, 2009).

Next, Plaintiff's "prior restraint" with "unbridled discretion" argument is difficult to decipher. A request for identification does not appear to leave officials with any, let alone unbridled, discretion. Regardless, Plaintiff's framing of the issue is effectively a concession. That she contends identification "could be seen as prior restraint" is far short of her burden to show "clearly established" law. *See* Doc. 18 at 2; *see also Gaines*, 871 F.3d at 1208; *Leslie*, 720 F.3d at 1345. And the sole case she cites in support of her argument, *Cooper*, held that a particular statutory scheme was *not* a prior restraint. *See Cooper*, 403 F.3d at 1215-16. Neither it, nor the case law it cites about a National Park Service licensing scheme, approach clearly establishing that asking Plaintiff for identification subjected her to a Constitutionally unlawful prior restraint. *See id.*; *see also Gaines*, 871 F.3d at 1208; *Leslie*, 720 F.3d at 1345.

Indeed, the little (albeit nonbinding and not clearly established) law suggests *against* any Constitutional violation. Identification is viewpoint neutral and can be

considered a reasonable restriction to ensure order, decorum, and safety. *Cf. Huggins*, 2022 WL 4095065, at *10 ("The practices identified by Plaintiff, such as an increase in security measures and a requirement that individuals planning to make a public comment sign up in advance, are not content-based or viewpoint-based restrictions on speech.") (internal citation omitted). For example, photo identification is required to enter courthouses and other federal buildings. *See Torres v. Pasco Cnty. Bd. of Cnty. Commissioners*, No. 8:21-cv-892-TPB-JSS, 2022 WL 1121041, at *1 (M.D. Fla. Apr. 14, 2022). And though "some individuals have filed suit, insisting on a constitutional right to enter a federal courthouse without providing identification, these challenges have been soundly rejected." *Id.* (citation omitted); *see also Mama Bears of Forsyth Cnty. v. McCall*, 642 F. Supp. 3d 1338, 1355 & n.5 (N.D. Ga. 2022) ("A school board meeting is much more analogous to a courthouse than it is to a school full of minors, from a First Amendment perspective.").[8] To be sure, there may be some security measures that are more reasonable for a courthouse than a school board. Regardless, drawing a line is unnecessary; it suffices that no clearly established line has been drawn. *See Dayton*, 2021 WL 5163225, at *8 (finding it unnecessary "to settle any constitutional questions" because the discussion "highlights Plaintiffs have not met their burden to show [the defendant] violated a clearly established right").

---

[8] This analogy is apt in part because courthouses are often viewed as nonpublic forums, which are subject to the same First Amendment standards as limited public forums. *See id.* at 1355 n.5; *see also McDonough*, 116 F.4th at 1322, 1325 & n.4.

Plaintiff's allegations concerning her removal from the meeting fare no better. As discussed in the facts above, Plaintiff was removed from the meeting only after she (i) refused multiple instructions to sit down rather than stand in the aisle; and (ii) became disruptive, arguing against the instruction to be seated and refusing instructions to continue the conversation in the back of the room with media relations. Plaintiff effectively concedes as much (as she must; the actions are clearly depicted in the Video). *See, e.g.*, Doc. 1 at ¶ 14 (alleging Plaintiff was removed because she "wouldn't listen to Sgt [W]ilson's unlawful orders to sit down or talk to the media guy"); Doc. 18 at 2 ("I was under no obligation to either sit or talk to the media person, I was also under no obligation to listen to the officer[']s unlawful commands.").

Plaintiff cites no authority clearly establishing that she was permitted to stand in the aisle, refuse to take a seat, and raise her voice while arguing in the front of the room of an ongoing meeting.[9] Rather, Plaintiff appears to complain of, and admit her failure to comply with, lawful viewpoint neutral and reasonable regulations to uphold order and decorum. *See McDonough*, 116 F.4th at 1322, 1325. Again, the law suggests *against* any Constitutional violation and at minimum confirms no clearly established one. *See Huggins*, 2022 WL 4095065, at *5 ("Though Plaintiff contends [his removal from a school board meeting was directed] based on his viewpoint or the content of his speech, he offers no support for this conclusory allegation. The Amended Complaint expresses that, prior to any public comment portion of the meeting,

---

[9] The cases cited by Plaintiff are nonbinding, readily distinguishable, or both.

14

Plaintiff was asked to leave because he failed to take a seat."); *see also Dayton*, 2021 WL 5163225, at *7 ("The law on decorum restrictions at government meetings is inherently fact dependent.").[10]

In short, for the reasons discussed above, I discern no Constitutional violation as to Plaintiff's allegations, and the clear Video footage, concerning Count One. Assuming *arguendo* there was any violation, I discern no clearly established violation. Thus, as to Count One, Plaintiff fails to state a claim, and Defendants are entitled to qualified immunity.

### b.   Count Two

Count Two alleges that the same conduct underlying Count One constituted an unlawful "prior restraint" that restricted Plaintiff's "ability to gather information to disseminate to the public." *See* Doc. 1 at ¶¶ 17-18. This claim fails for the same reasons discussed above. First, as discussed above, asking Plaintiff for identification did not subject her to a prior restraint in violation of clearly established law. Nor did removing her from the meeting for her disruption and admitted refusal to leave the aisle and be seated, which does not even appear to be properly categorized as a potential prior restraint. *See Dayton*, 2021 WL 5163225, at *2. For the reasons set forth above as to

---

[10] Both *Huggins* and *Dayton* applied, among other authority, prior Eleventh Circuit precedent from *Rowe v. City of Cocoa, Fla.*, 358 F.3d 800 (11th Cir. 2004). *See Huggins*, 2022 WL 4095065, at **5, 10; *Dayton*, 2021 WL 5163225, at **6, 8. *Rowe* had required that restrictions at a limited public forum be content-neutral and narrowly tailored to serve a significant public interest. *See Huggins*, 2022 WL 4095065, at *5 (citing *Rowe*, 358 F.3d at 802-03). As discussed above, the Eleventh Circuit, sitting *en banc*, has since clarified that *Rowe* was overly restrictive and that restrictions in a limited public forum are lawful so long as reasonable and viewpoint neutral. *See McDonough*, 116 F.4th at 1326-28. In other words, current Eleventh Circuit precedent on regulations in a limited public forum is even more permissible than the law applied in *Huggins* and *Dayton*.

Count One, Plaintiff fails to state a claim as to Count Two, and Defendants are entitled to qualified immunity.

> **c.    Count Three**

Count Three alleges Defendant Graham violated Plaintiff's Fourth Amendment rights by using excessive force to unlawfully remove her from the building. *See* Doc. 1 at ¶¶ 19-20. "To assert a Fourth Amendment claim based on the use of excessive force, [a plaintiff] must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." *Troupe v. Sarasota Cnty., Fla.*, 419 F.3d 1160, 1166 (11th Cir. 2005). Plaintiff's Complaint fails to plausibly allege either element and further fails to plausibly allege a clearly established violation sufficient to overcome qualified immunity.

"A 'seizure' under the Fourth Amendment occurs 'when the officer, by means of physical force or show of authority, terminates or restrains [a person's] freedom of movement, through means intentionally applied.'" *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (quotation omitted). Thus, a person is seized under the Fourth Amendment "'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that [s]he was not free to leave.'" *Id.* (quotation omitted); *see also United States v. Knights*, 989 F.3d 1281, 1288 (11th Cir. 2021) (explaining that "the existence of a seizure is an objective question" that asks "whether a reasonable person would have believed he was not free to leave in the light of the totality of the circumstances"). Here, Plaintiff does not plausibly allege, nor does the Video depict, that she was ever seized and prevented

16

from leaving; nor, assuming she was seized, was any seizure clearly established. *See,*
*e.g.*, *Huggins*, 2022 WL 4095065, at *5 ("Though Plaintiff claims that he was
unlawfully seized in violation of the Fourth Amendment, he does not explain how a
school board official illegally seizes an individual by merely directing his removal from
a meeting. There is no indication that [the official] detained Plaintiff or otherwise
restrained Plaintiff's freedom of movement. Plaintiff has therefore failed to show that
[she] violated any clearly established right protecting against illegal seizures.")
(internal citation omitted); *Rauen v. City of Miami*, No. 06-21182-CIV, 2007 WL
9702285, at *2 (S.D. Fla. June 7, 2007) ("Where no search or seizure has taken place
(or, in this case, where it is not 'clearly established' that a search or seizure has taken
place), an excessive force claim under the Fourth Amendment will not lie.").[11]

Even assuming there was a seizure, however, the Video belies any contention
excessive force was used. To the contrary, the Video shows minimal conduct
incidental to Plaintiff's removal from the meeting and refusal to follow instructions,
which, as discussed above, was lawful. *See Merricks v. Adkisson*, 785 F.3d 553, 560 (11th
Cir. 2015) ("'Fourth Amendment jurisprudence has long recognized that the right to
make an arrest or investigatory stop necessarily carries with it the right to use some
degree of physical coercion or threat thereof to effect it.'") (quotation omitted); *see also*

---

[11] In some circumstances, an excessive force claim can lie, even absent a seizure, under the
Fourteenth Amendment (but not the Fourth Amendment). *See Willis v. Mock*, 600 F. App'x 679, 685
(11th Cir. 2015). Plaintiff does not purport to bring any such claim. Nor could she, as it protects only
against "arbitrary and oppressive uses of force" constituting "the most egregious official conduct" that
shocks the conscious. *See id.* That standard is higher than the excessive-force standard under the Fourth
Amendment, which Plaintiff fails to satisfy even assuming a seizure. *See id.*

*Huebner v. Bradshaw*, 935 F.3d 1183, 1191 (11th Cir. 2019). Even if the minimal contact was excessive, which it was not, no law clearly established that it was excessive, and Defendant Graham is entitled to qualified immunity. *See Merricks*, 785 F.3d at 560, 565.

    **d.**    **Count Four**

Count Four alleges Defendant Wilson violated Plaintiff's First Amendment rights by having a news report from Plaintiff removed from youtube. *See* Doc. 1 at ¶¶ 21-22. Plaintiff alleges no facts in support of this claim. *See id.* She alleges merely that "Sgt Wilson was at all time[s] acting under color of law when he put a privacy strike on my news report and having it removed from youtube" and that in so doing he "engaged in a form of prior restraint known as subsequent punishment because he did not want his actions to be seen." *See id.*

Unaccompanied by video evidence, these bare allegations fail to plausibly allege a claim for relief or give fair notice of what Plaintiff alleges. It is unclear what actions of Defendant Wilson underlie this claim, including what Defendant Wilson did to allegedly have a video removed, how he did so, and in what context. Plaintiff's vague and conclusory allegations of a "privacy strike" are neither clear nor entitled to a presumption of truth. *See Anthony*, 626 F.3d at 1321. Nor is the conclusory allegation that Defendant Wilson was acting "under color of law" entitled to a presumption of truth.[12] *See id.*; *see also Moskovits v. Mercedes-Benz USA, LLC*, No. 22-10664, 2022 WL

---

[12] In this respect, Count Four differs from the others, which are accompanied by the Video showing Defendants' actions within their capacities and authorities as officers. Not all acts by state

17259158, at *3 (11th Cir. Nov. 29, 2022); *Davis v. Williams*, No. 7:17-CV-73 (HL), 2018 WL 11214875, at *2 (M.D. Ga. Aug. 6, 2018), *report and recommendation adopted*, 2018 WL 11214871 (M.D. Ga. Oct. 30, 2018).[13] Plaintiff must instead plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; her "unadorned, the defendant unlawfully harmed me accusation" is insufficient. *See Iqbal*, 556 U.S. at 678. Thus, Count Four fails to plausibly state a claim for relief.

### e.   Dismissal With or Without Prejudice

For the reasons herein, all claims alleged in the Complaint are due to be dismissed. Defendants seek dismissal with prejudice. *See* Doc. 16 at 1, 12. Before dismissing claims with prejudice, a *pro se* party must be afforded at least one chance to amend her pleading if a more carefully drafted complaint might state a claim. *See Muhammad v. JPMorgan Chase Bank, NA*, 567 F. App'x 851, 853-55 (11th Cir. 2014). But dismissal with prejudice and without leave or opportunity to amend is appropriate if amendment would be futile. *See id.*; *see also Cooper v. Countrywide Home Loans*, 724 F.

---

employees are under color of law; "'acts of officers in the ambit of their personal pursuits are not done under color of law.'" *Charudattan v. Darnell*, 834 F. App'x 477, 482 (11th Cir. 2020) (quotation omitted). Plaintiff does not allege that the youtube video was removed through an exercise of authority, and her allegation suggests Defendant Wilson may have instead wished it removed purely as a private individual. *See id.* at 479, 482 (holding claim alleging violation of free speech rights by deleting and blocking comments from Facebook page failed for lack of action under color of law where Facebook page was privately owned and monitored by sheriff's deputies while off-duty).

[13] Additionally, Plaintiff's allegation that Defendant Wilson "engaged in a form of prior restraint known as subsequent punishment" is neither entitled to a presumption of truth nor readily discernable. Doc. 1 at ¶ 22. To the contrary, Plaintiff appears to conflate distinct concepts. *See Alexander v. United States*, 509 U.S. 544, 553-54 (1993) ("[O]ur decisions have steadfastly preserved the distinction between prior restraints and subsequent punishments.").

App'x 741, 744 (11th Cir. 2018). Such is the case here as to Counts One, Two, and Three of the Complaint. The events at issue in such counts are clearly depicted in the Video and thus cannot be cured by a more carefully drafted complaint. *See Lewis v. Reyes*, No. 5:22-cv-650-JA-PRL, 2023 WL 3728377, at *1 n.1 (M.D. Fla. May 30, 2023) ("A *pro se* plaintiff generally must be given at least one opportunity to amend his complaint before his case is dismissed with prejudice. Here, however, any amendment would be futile because on the facts asserted by Plaintiff and presented in the video included with the Complaint, all of Plaintiff's claims fail as a matter of law. Thus, it cannot be said that 'a more carefully drafted complaint might state a claim,' and leave to amend need not be given.") (internal citations omitted), *aff'd,* No. 23-12171, 2024 WL 1155813 (11th Cir. Mar. 18, 2024); *see also Swinford*, 2024 WL 4661097, at *10 ("[T]he district court properly concluded that any amendment to [the] claims of excessive force would be futile because the video evidence established no constitutional violation had occurred."); *Lewis v. King*, No. 8:24-cv-1935-TPB-CPT, 2024 WL 4349429, at *3 (M.D. Fla. Sept. 30, 2024) ("Plaintiff's § 1983 claims in Counts 1 and 2 are therefore dismissed with prejudice. … [S]he will not be permitted leave to amend her complaint here because, based on the conclusive video evidence, amendment would be futile.").

On the other hand, though inadequate, Count Four is not foreclosed by clear video evidence. I thus recommend it be dismissed *without* prejudice, which, unlike a dismissal *with* prejudice, does not first require an opportunity to amend by a *pro se* party. *See Brown v. Ivey*, No. 21-10062, 2022 WL 595726, at *2 (11th Cir. Feb. 28,

2022); *Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249-50 (11th Cir. 2009). I therefore recommend the Motion be granted to the extent that all claims be dismissed, but with such dismissal with prejudice as to Counts One through Three and without prejudice as to Count Four.

## V.    Conclusion

Accordingly, it is **respectfully recommended** that:

1.    The Motion (Doc. 16) be **granted** to the extent that Counts One, Two, and Three of the Complaint be **dismissed with prejudice**, and Count Four of the Complaint be **dismissed without prejudice.**

3.    The Clerk of Court be **directed** to terminate any pending motions and deadlines and close this file.

## Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object

to a magistrate judge's findings or recommendations contained in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on November 20, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Wendy W. Berger, United States District Judge

*Pro Se* Plaintiff

Counsel of Record

TAB 92

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LANA PATRICK,

     Plaintiff,

v.                             Case No.: 3:24-cv-00580-WWB-SJH

GRAHAM, etc., et al.,

     Defendants.

_____/

## **UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD**

The undersigned, Craig D. Feiser, moves to withdraw as counsel of record on behalf of the Officer C. Graham and Sgt. J.T Wilson.  Mary Margaret Giannini, of the Office of General Counsel, will continue to represent the Defendants.

## **MEMORANDUM OF LAW**

Local Rule 2.02(c) permits an attorney to withdraw provided the attorney has provided the client with at least fourteen days' notice or upon the consent of the client.  On November 20, 2024, defendants C. Graham and J.T. Wilson consented to Craig Feiser's withdrawal as their attorney of record.  No party would be prejudiced by Mr. Feiser's withdrawal.

## <u>Local Rule 3.01(g) Certification</u>

Counsel for Defendant and Plaintiff conferred by telephone and email on November 20, 2024, and Plaintiff does not oppose the relief sought in this Motion.

**Dated this 21st day of November, 2024.**

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE**

*/s/ Craig D. Feiser*
**Craig D. Feiser, Esq.**
Florida Bar No.: 164593
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone:  (904) 255-5100
Facsimile:   (904) 255-5120
CFeiser@coj.net ; BOsburn@coj.net
*Counsel for Defendants*
**Mary Margaret Giannini**
Assistant General Counsel
Florida Bar No. 1005572
MGiannini@coj.net; EReynolds@coj.net
117 West Duval Street, Suite 480
Jacksonville, FL 32202
Phone: (904) 255-5100
Facsimile: (904) 255-5120
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of November 2024, a true and correct copy of the foregoing was filed with the Clerk of Court for uploading to the CM/ECF system. I further certify that I mailed the foregoing document by first-class mail to the following non-CM/ECF participant: Lana Patrick, 9378 Arlington Expressway, Jacksonville, Florida 32225.

*/s/ Mary Margaret Giannini*
*Counsel for Defendants*

3

TAB 95

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

       Plaintiff,

v.                                    CASE NO. 3:24-cv-580-WWB-SJH

OFFICER GRAHAM, et al.,

       Defendants.

_____/

**PLAINTIFF'S OBECTIONS TO THE**

**REPORT AND RECOMMENDATION**

      Comes now the plaintiff Lana Patrick in a pro se capacity to object to the magistrate judge's report and recommendation. For the reasons listed below we humbly ask the court to deny the report and allow the case to move forward so justice may be found.

**I.** Claim **one and two**

      The first claim is based on the first amendment, free press and the right to gather information. In a free society, the right to watch over and report on our public employees actions is actually a civic duty. The fourth estate was set up as a watchdog over the government and our right to report on what they are doing from an area we are legally allowed to be in is as clearly established as a right can be. The report mistakeningly goes directly to forum anaylsis for speech regulation, when there is no regulation or policy that needs reviewed. There is no policy about recording the meeting nor is there a policy requiring identification to enter the building or meeting. The report mistakeningly believes a sign slapped up on the wall indicates a policy somewhere. *See R&R pg 11 para 2 line 2*

**1**

The fact is a sign does not make a policy, a policy is written down, able for citizens to have due notice in order to obey the said policy. As for entering in a public meeting with identification, the state law (FL statute 286.011(1)) has always been clear in that public meetings are open to the public, not open to the public that has identification. This clearly established law has given us the well established right of access to these meetings.

The violation might not be as clear to the judge because George Floyd wasn't getting choked out in this meeting. If he was and I was unable to record such an event due to them not allowing me to enter the meeting over a made up policy then the violation might appear more clear to the magistrate judge. However it doesn't matter as this case points out.

> *The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. See New York Times Co. v. United States, 403 U. S. 713 (1971). Elrod v. Burns, 427 U.S. 347, 374 (1976)*

Here there can be no doubt that I lost some of my first amendment rights by first being delayed and then by being removed. The removal itself was not warranted and violated my rights. I was under no obligation to sit, to talk to defendants or the media person. I wasn't asked or directed by the board to sit or talk to the media person, there is no policy stating I have to sit or talk to the media person. While this case is out of circuit, it is almost exactly on point. A gentleman recording a public meeting,who had left the meeting room as it had concluded, had noticed some officials talking in the hallway. The gentleman, believing the meeting was still ongoing, started recording the officials. A police officer came and asked the gentleman to stop recording. When the gentleman

didnt, he was arrested for disorderly conduct. This is what the court had to say,

> *Even if the gathering was not a public meeting at that point, Iacobucci was doing nothing wrong:  he was in a public area of a public building;  he had a right to be there; he filmed the group from a comfortable remove;  and he neither spoke to nor molested them in any way.6*
>
> *Boulter's repeated demands that Iacobucci cease recording do not change the disorderly conduct calculus. A police officer is not a law unto himself;  he cannot give an order that has no colorable legal basis and then arrest a person who defies it.   So it is here:  because Iacobucci's activities were peaceful, not performed in derogation of any law, and done in the exercise of his First Amendment rights, Boulter lacked the authority to stop them. IACOBUCCI v. BOULTER (1999) 1st circuit (II, c)*

So is the situation in the present case. I was in a place I was allowed by law to be, engaged in constitutionally protected activity of gathering information. I was under no obligation to listen to the defendants and they had no authority to stop my protected activity. No member of the board asked the defendants to come over and ask me to sit as is clear in the video, they took it upon themselves to come over and harass me.

**II. Claim three**

The claim in count three was clearly laid out. A seizure happened when the defendant (Graham) grabbed my arm, thats the physical element and he restrained my freedom of movement by pulling/pushing me out the door, which is not the direction I wanted to go.

The video clearly shows defendant Graham grab my arm and forcefully move me towards the door, thus satisfying both elements of 1. physical and 2. restraining of freedom of motion, for a seizure. Removing someone from a public place they are allowed to be, absent a crime, is a violation, and any force used in the execution of the unlawful removal would thus be excessive. As explained in my earlier filings, the use of force matrix specifically mentions level 3 in the case of detainment or arrest, not in the unlawful removal of a non violent person. Unless I have broken a law, no man has the authority to put his hands on me.

### III. Claim four

Claim four is based on the right to publish, as the court knows, we have a right to publish our thoughts, reports and/or investigations without interference from government restraint. Claim four is a claim against defendant Wilson because of his actions in getting my news report taken offline. He did this through YouTube's "privacy strike" system, in which a private citizen who has an expectation of privacy can ask to have a video removed if they didn't consent. It's not a system for public employees who have no expectation of privacy to remove a video because it makes them look bad.

> If the First Amendment means anything in a situation like this, it is that public officials cannot —as they did here —threaten a person with legal action under an obviously inapt statute simply because he published speech they did not like. See Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019) (reminding that the First Amendment "'generally'" bans "'government officials from subjecting an individual to retaliatory actions' for engaging in protected speech" (quoting Hartmanv. Moore, 547 U.S. 250, 256 (2006))); Sullivan, 376 U.S. at 269-70 (warning that government officials cannot try to censor or suppress speech they dislike just because they dislike it); see also Gericke v. Begin, 753 F.3d 1, 6 (1st Cir. 2014) (stressing that "[r]etaliation is always reprehensible" and that "it is obviously improper for officers to invoke [legal processes] for retaliatory purposes").
> Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024)

**4**

In the Berge case listed above, a gentleman had made a recording in his school board building and posted it to his facebook page. The school sent a letter threatening him with a criminal charge if he didn't remove the video, so he sued.

> *So it should not be a surprise that the First Amendment grants a robust right to publish information of public concern, see Smith v. Daily Mail Publ'g Co., 443 U.S. 97, 103(1979) (affirming that "state officials may not constitutionally punish publication" of "lawfully obtain[ed] truthful information about a matter of public significance," "absent a need to further a state interest of the highest order") —even including material that someone else stole, certainly at least where the publisher had no hand in the theft.*
> *Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024)*

Defendant Wilson violated my right to publish by commiting a prior restraint known as subsequent punishment. His actions are no different then the public official who buys up all the copies of the towns paper to keep citizens from reading the story about him. Defendant Wilson targeted and had my video taken down to hide his actions as a public employee from the public eye and discussion. Of all the claims, this one is by far the worst.

For all the reasons listed above we respectfully ask the court to deny the magistrate judge's report and recommendation and allow this case to proceed.

Date: 11/30/2024

**Lana Patrick Pro Se**
**9378 Arlington Expy**
**Jacksonville FL 32225**
**Email: thejtownpress@gmail.com**
**Phone: 904-524-6030**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of November 2024, a true and correct copy of the foregoing was filed with the Clerk of Court for uploading to the CM/ECF system. I further certify that I electronically mailed the foregoing document to Mary Margaret Giannini, Counsel for Defendants, 117 West Duval Street, Suite 480, Jacksonville, FL 32202.

/s/

Lana Patrick Pro Se

TAB 101

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LANA PATRICK,

    Plaintiff,

v.             Case No.: 3:24-cv-580-WWB-SJH

GRAHAM and WILSON,

    Defendants.

_____

## <u>ORDER</u>

THIS CAUSE is before the Court on the parties' Joint Notice of Mediator Selection ("**Notice**," Doc. 23).   In the Notice, the parties state that they would like to select one of the Magistrate Judges from the Jacksonville Division, other than the Magistrate Judge assigned to this case, as the mediator in this case.   However, to the extent the parties are requesting a settlement conference before a Magistrate Judge, their motion fails to comply with Local Rule 3.01(a) or to apprise the Court as to the need for mediation to occur before a Magistrate Judge.

Accordingly, it is **ORDERED** and **ADJUDGED** that on or before **December 10, 2024**, the parties shall file a notice of selection of one of the approved mediators or a proper motion for mediation before Magistrate Judge.

**DONE** and **ORDERED** in Jacksonville, Florida on November 30, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

TAB 103

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LANA PATRICK,

        Plaintiff,

v.                              Case No.: 3:24-cv-580-WWB-SJH

GRAHAM and WILSON,

        Defendants.
                                  /

<u>**ORDER**</u>

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Complaint With Prejudice (Doc. 16). United States Magistrate Judge Samuel J. Horovitz issued a Report and Recommendation ("**R&R**," Doc. 25), in which he recommends that Defendants' Motion be granted, and the Complaint (Doc. 1) be dismissed without leave to amend. Plaintiff filed Objections (Doc. 29).

**I.  BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 25 at 1–2, 5–7).

**II.  LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v.*

*State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III. DISCUSSION

In the R&R, the Magistrate Judge recommends that Counts I, II, and III be dismissed with prejudice because Defendants are entitled to qualified immunity. As to Count IV, the Magistrate Judge recommends dismissal without prejudice for failure to state a plausible claim for relief.

With respect to Counts I and II, Plaintiff objects to the R&R's use of the forum analysis because there was no written policy regarding identification or standing during the meeting. With respect to identification, as set forth in the R&R and the video, there was in fact a written and posted public notice. Plaintiff's argument that this is insufficient written notice is, therefore, unclear. However, Plaintiff also fails to cite any legal authority for the proposition that a policy must be made in writing to be enforceable or to trigger analysis under the standard forum tests applied in First Amendment cases. *Cf. Lebron v. Nat'l R.R. Passenger Corp. (Amtrak)*, 69 F.3d 650, 658 (2d Cir. 1995) (citing *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 770 (1988)) ("The fact that a policy is not committed to writing does not of itself constitute a First Amendment violation."). Thus, Plaintiff's arguments regarding the use of the forum analysis in the R&R are without merit.

Plaintiff also cites *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999) for the proposition that she had no obligation to obey Defendants' requests that she be seated or continue the discussion in the back of the room and that Defendants had no authority to prevent her from continuing to stand in the aisle to film the meeting. As noted in the R&R, the *Iacobucci* case, which involved a false arrest claim, lends little support to Plaintiff's First Amendment claims. (Doc. 25 at 14 n.9). There is no allegation in this case that Plaintiff was arrested. Thus, it is unclear what relevance, if any, *Iacobucci* has with respect to Counts I and II. Additionally, the Court notes that the *Iacobucci* court did not hold that the plaintiff had unfettered rights to conduct himself in any manner he wished at a public meeting, instead the court specifically noted that the plaintiff's conduct did not interfere with the ongoing meeting or otherwise engage in disruptive conduct. *Iacobucci*, 193 F.3d at 24. Therefore, Plaintiff's objections as to Counts I and II will be overruled.

With respect to Count III, Plaintiff argues that a seizure occurred because she was not free to remain in the meeting room. Plaintiff does not cite any legal authority in support of her argument, and precedent from the Eleventh Circuit is strongly persuasive to the contrary. *See O'Boyle v. Thrasher*, 638 F. App'x 873, 877–78 (11th Cir. 2016). Because the Court is not persuaded that a seizure occurred, Plaintiff's objections with respect to Count III will be overruled.

Finally, as to Count IV, Plaintiff purports to be alleging a claim for subsequent punishment. "[S]ubsequent punishments . . . regulate a given type of speech by penalizing the speech only *after* it occurs." *Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1223 (11th Cir. 2017) (quotation marks omitted). Although Plaintiff provides a more detailed explanation of her claim in her Objections—arguing that Defendant Wilson was

not allowed to use a system intended to grant private citizens the right to remove a video containing footage of them from YouTube because he is a public employee—this does not save her Complaint as to Count IV.  As an initial matter, the arguments raised in Plaintiff's objection go far beyond the allegations of the Complaint.  "Courts have held that a plaintiff cannot amend a complaint through statements in a brief."  *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997).  Thus, Plaintiff cannot attempt to salvage her deficient pleading in arguments raised in briefing and objections.

Furthermore, as the R&R notes, even the additional factual explanation provided in Plaintiff's objection fails to state how or when Wilson had the video removed, or how his actions were taken in his capacity as an officer.  It appears that Plaintiff is arguing that simply because Wilson is an officer and the video was taken of him while performing jobs within his official capacity, any attempt to have the video removed was necessarily also taken in his capacity as an officer.  However, Plaintiff fails to provide the Court with any legal or factual support for that argument.  Additionally, it is unclear precisely what the penalty underlying her claim is, what speech she is alleging she was penalized for, or what burden it placed on her First Amendment rights.

Plaintiff's reliance on *Berge v. School Committee of Gloucester*, 107 F.4th 33 (1st Cir. 2024) is also misplaced.  Unlike the plaintiff in *Berge*, Plaintiff has not alleged that Wilson threatened legal or other action against her if she did not remove the videos.  *See id.* at 36–37.  Instead, Plaintiff argues that Wilson acted through a third-party procedure to request that the videos be removed.  Plaintiff also does not allege that Wilson made any threats, legal or otherwise, to a third-party to have the videos removed.  Finally, the

*Berge* court was addressing a First Amendment retaliation claim, not a subsequent punishment claim, as Plaintiff purports to allege in this case.[1]  Thus, *Berge* does not support Plaintiff's assertion that she has stated a claim in this case.  Plaintiff's objections with respect to Count IV will also be overruled.

Plaintiff has not objected to the recommendation that Count IV be dismissed without prejudice but without leave to amend and has not otherwise requested leave to further amend her pleading.  Nevertheless, because it is not clear that Plaintiff cannot properly allege a claim with respect to Count IV, the Court will permit Plaintiff one opportunity to do so.

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Objections (Doc. 29) are **OVERRULED**.

2.  The Report and Recommendation (Doc. 25) is **ADOPTED** and **CONFIRMED** and made a part of this Order to the extent consistent therewith.

3.  Defendants' Motion to Dismiss Complaint With Prejudice (Doc. 16) is **GRANTED in part** and **DENIED in part**.

4.  Counts I, II, and III of the Complaint (Doc. 1) are **DISMISSED with prejudice** and Count IV is **DISMISSED without prejudice**.

---

[1] To the extent Plaintiff intended to allege a claim for First Amendment retaliation, the Court also finds that Count IV's conclusory allegations fall short of alleging such a claim.  *See Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019) ("To state a claim for First Amendment retaliation, a plaintiff must allege that he engaged in protected speech, that the official's conduct adversely affected the protected speech, and that a causal connection exists between the speech and the official's retaliatory conduct.").

4.  On or before **March 25, 2025**, Plaintiff may file an amended pleading with respect to Count IV to correct the deficiencies noted in the R&R and this Order.  Failure to timely file both may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida on March 12, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

6

TAB 109

FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for       **Form 1**
Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)    **March 2023**

# UNITED STATES

## DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

### NOTICE OF APPEAL

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed:   3:24-cv-580-WWB-SJH

Case title being appealed:   **Patrick**   v.  GRAHAM and WILSON,

Date of final judgment or order being appealed:   March 12, 2025.

**List all Appellants** (List each party filing this appeal.  Do not use "et al." or other abbreviations.  Attach continuation pages if necessary.)

Lana Patrick Pro Se

Date:  3/19/2025                    Signature:

Name:   **Lana Patrick**

Address:  9378 Arlington Expy

Jacksonville FL 32225

Phone Number: 904- 524- 6030

Email Address: thejtownpress@gmail.com

TAB 110

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**DATE:** March 20, 2025

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit

**LANA PATRICK,**

     **Plaintiff,**

**v.**                                     **Case No: 3:24-cv-580-WWB-SJH**

**GRAHAM, et al.,**

     **Defendants.**

_____

## U.S.C.A. Case No:

Enclosed are documents and information relating to an appeal in the above-referenced action. Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Wendy W. Berger, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals. If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.

                                    ELIZABETH M. WARREN, CLERK

                                    By: s/ELA, Deputy Clerk

FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for    **Form 1**
Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)    **March 2023**

# UNITED STATES

## DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

### NOTICE OF APPEAL

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed:    3:24-cv-580-WWB-SJH

Case title being appealed:    **Patrick**    v. GRAHAM and WILSON,

Date of final judgment or order being appealed:    March 12, 2025.

**List all Appellants** (List each party filing this appeal.  Do not use "et al." or other abbreviations.  Attach continuation pages if necessary.)

Lana Patrick Pro Se

Date: 3/19/2025

Signature:

Name:    **Lana Patrick**

Address: 9378 Arlington Expy

Jacksonville FL 32225

Phone Number: 904- 524- 6030

Email Address: thejtownpress@gmail.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LANA PATRICK,

               Plaintiff,

v.                                      Case No.: 3:24-cv-580-WWB-SJH

GRAHAM and WILSON,

               Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Complaint With Prejudice (Doc. 16). United States Magistrate Judge Samuel J. Horovitz issued a Report and Recommendation ("**R&R**," Doc. 25), in which he recommends that Defendants' Motion be granted, and the Complaint (Doc. 1) be dismissed without leave to amend. Plaintiff filed Objections (Doc. 29).

### I.  BACKGROUND

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 25 at 1–2, 5–7).

### II.  LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v.*

*State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).  The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III. DISCUSSION

In the R&R, the Magistrate Judge recommends that Counts I, II, and III be dismissed with prejudice because Defendants are entitled to qualified immunity.  As to Count IV, the Magistrate Judge recommends dismissal without prejudice for failure to state a plausible claim for relief.

With respect to Counts I and II, Plaintiff objects to the R&R's use of the forum analysis because there was no written policy regarding identification or standing during the meeting.  With respect to identification, as set forth in the R&R and the video, there was in fact a written and posted public notice.  Plaintiff's argument that this is insufficient written notice is, therefore, unclear.  However, Plaintiff also fails to cite any legal authority for the proposition that a policy must be made in writing to be enforceable or to trigger analysis under the standard forum tests applied in First Amendment cases.  *Cf. Lebron v. Nat'l R.R. Passenger Corp. (Amtrak)*, 69 F.3d 650, 658 (2d Cir. 1995) (citing *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 770 (1988)) ("The fact that a policy is not committed to writing does not of itself constitute a First Amendment violation.").  Thus, Plaintiff's arguments regarding the use of the forum analysis in the R&R are without merit.

Plaintiff also cites *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999) for the proposition that she had no obligation to obey Defendants' requests that she be seated or continue the discussion in the back of the room and that Defendants had no authority to prevent her from continuing to stand in the aisle to film the meeting. As noted in the R&R, the *Iacobucci* case, which involved a false arrest claim, lends little support to Plaintiff's First Amendment claims. (Doc. 25 at 14 n.9). There is no allegation in this case that Plaintiff was arrested. Thus, it is unclear what relevance, if any, *Iacobucci* has with respect to Counts I and II. Additionally, the Court notes that the *Iacobucci* court did not hold that the plaintiff had unfettered rights to conduct himself in any manner he wished at a public meeting, instead the court specifically noted that the plaintiff's conduct did not interfere with the ongoing meeting or otherwise engage in disruptive conduct. *Iacobucci*, 193 F.3d at 24. Therefore, Plaintiff's objections as to Counts I and II will be overruled.

With respect to Count III, Plaintiff argues that a seizure occurred because she was not free to remain in the meeting room. Plaintiff does not cite any legal authority in support of her argument, and precedent from the Eleventh Circuit is strongly persuasive to the contrary. *See O'Boyle v. Thrasher*, 638 F. App'x 873, 877–78 (11th Cir. 2016). Because the Court is not persuaded that a seizure occurred, Plaintiff's objections with respect to Count III will be overruled.

Finally, as to Count IV, Plaintiff purports to be alleging a claim for subsequent punishment. "[S]ubsequent punishments . . . regulate a given type of speech by penalizing the speech only *after* it occurs." *Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1223 (11th Cir. 2017) (quotation marks omitted). Although Plaintiff provides a more detailed explanation of her claim in her Objections—arguing that Defendant Wilson was

not allowed to use a system intended to grant private citizens the right to remove a video containing footage of them from YouTube because he is a public employee—this does not save her Complaint as to Count IV.  As an initial matter, the arguments raised in Plaintiff's objection go far beyond the allegations of the Complaint.  "Courts have held that a plaintiff cannot amend a complaint through statements in a brief."  *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, <u>173 F.R.D. 537, 540</u> (M.D. Fla. 1997).  Thus, Plaintiff cannot attempt to salvage her deficient pleading in arguments raised in briefing and objections.

Furthermore, as the R&R notes, even the additional factual explanation provided in Plaintiff's objection fails to state how or when Wilson had the video removed, or how his actions were taken in his capacity as an officer.  It appears that Plaintiff is arguing that simply because Wilson is an officer and the video was taken of him while performing jobs within his official capacity, any attempt to have the video removed was necessarily also taken in his capacity as an officer.  However, Plaintiff fails to provide the Court with any legal or factual support for that argument.  Additionally, it is unclear precisely what the penalty underlying her claim is, what speech she is alleging she was penalized for, or what burden it placed on her First Amendment rights.

Plaintiff's reliance on *Berge v. School Committee of Gloucester*, <u>107 F.4th 33</u> (1st Cir. 2024) is also misplaced.  Unlike the plaintiff in *Berge*, Plaintiff has not alleged that Wilson threatened legal or other action against her if she did not remove the videos.  *See id.* at 36–37.  Instead, Plaintiff argues that Wilson acted through a third-party procedure to request that the videos be removed.  Plaintiff also does not allege that Wilson made any threats, legal or otherwise, to a third-party to have the videos removed.  Finally, the

*Berge* court was addressing a First Amendment retaliation claim, not a subsequent punishment claim, as Plaintiff purports to allege in this case.[1]  Thus, *Berge* does not support Plaintiff's assertion that she has stated a claim in this case.  Plaintiff's objections with respect to Count IV will also be overruled.

Plaintiff has not objected to the recommendation that Count IV be dismissed without prejudice but without leave to amend and has not otherwise requested leave to further amend her pleading.  Nevertheless, because it is not clear that Plaintiff cannot properly allege a claim with respect to Count IV, the Court will permit Plaintiff one opportunity to do so.

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 29) are **OVERRULED**.

2. The Report and Recommendation (Doc. 25) is **ADOPTED** and **CONFIRMED** and made a part of this Order to the extent consistent therewith.

3. Defendants' Motion to Dismiss Complaint With Prejudice (Doc. 16) is **GRANTED in part** and **DENIED in part**.

4. Counts I, II, and III of the Complaint (Doc. 1) are **DISMISSED with prejudice** and Count IV is **DISMISSED without prejudice**.

---

[1] To the extent Plaintiff intended to allege a claim for First Amendment retaliation, the Court also finds that Count IV's conclusory allegations fall short of alleging such a claim.  *See Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019) ("To state a claim for First Amendment retaliation, a plaintiff must allege that he engaged in protected speech, that the official's conduct adversely affected the protected speech, and that a causal connection exists between the speech and the official's retaliatory conduct.").

4.  On or before **March 25, 2025**, Plaintiff may file an amended pleading with respect to Count IV to correct the deficiencies noted in the R&R and this Order.  Failure to timely file both may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida on March 12, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

3/20/25, 6:05 PM    Case 3:24-cv-00580-WWB-SJH    Electronic Case Filing | U.S. District Court - Middle District of Florida    Document 34-3    Filed 03/20/25    Page 1 of 4 PageID 163

USCA11 Case: 25-10895    Document: 13    Date Filed: 05/01/2025    Page: 145 of 173

APPEAL,MEDIATION,TRLSET

# U.S. District Court
# Middle District of Florida (Jacksonville)
# CIVIL DOCKET FOR CASE #: 3:24-cv-00580-WWB-SJH

Patrick v. Graham et al                         Date Filed: 06/10/2024
Assigned to: Judge Wendy W. Berger              Jury Demand: Plaintiff
Referred to: Magistrate Judge Samuel J. Horovitz    Nature of Suit: 440 Civil Rights: Other
Demand: $100,000                                Jurisdiction: Federal Question
Cause: 42:1983 Civil Rights Act

**Plaintiff**

**Lana Patrick**                    represented by   **Lana Patrick**
                                                     9378 Arlington Expressway
                                                     Jacksonville, FL 32225
                                                     904-524-6030
                                                     PRO SE

V.

**Defendant**

**Graham**                          represented by   **Craig D. Feiser**
*Duval County Public School Police Officer*          Florida Virtual School
                                                     Office of General Counsel
                                                     5422 Carrier Drive
                                                     Suite 201
                                                     Orlando, FL 32819
                                                     689-339-3883
                                                     Email: cfeiser@flvs.net
                                                     *TERMINATED: 11/22/2024*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Mary Margaret Giannini**
                                                     Office of General Council, City of
                                                     Jacksonville
                                                     117 W. Duval street, Suite 480
                                                     Jacksonville, FL 32206
                                                     904-255-5079
                                                     Fax: 904-255-5120
                                                     Email: MGiannini@coj.net
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Wilson**                          represented by   **Craig D. Feiser**
*Duval County School Police Officer*                 (See above for address)

3/20/25, 6:05 PM                    Electronic Case Filing | U.S. District Court - Middle District of Florida

Case 3:24-cv-00580-WWB-SJH    Document 34-1   Filed 03/20/25   Page 2 of 4 PageID 164
USCA11 Case: 25-10895      Document: 13      Date Filed: 05/01/2025    Page: 146 of 173

*TERMINATED: 11/22/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Margaret Giannini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/10/2024 | 1 | COMPLAINT against All Defendants with Jury Demand Filing fee $405.00, receipt number 37292 filed by Lana Patrick. (Attachments: # 1 Civil Cover Sheet)(BD) Modified text on 8/1/2024 (Exhibit 1 is a video provided in a flash drive) (BD). (Entered: 06/10/2024) |
| 06/10/2024 | 2 | SUMMONS issued as to Graham, Wilson. (BD) (Entered: 06/10/2024) |
| 06/17/2024 | 3 | **NOTICE TO COUNSEL AND PARTIES: The Middle District of Florida's revised Local Rules become effective February 1, 2021 and can be found on the Court's public website https://www.flmd.uscourts.gov/local-rules. Additionally, the undersigned has issued Standing Orders, available at https://www.flmd.uscourts.gov/judges/wendy-berger, that apply to all proceedings before the undersigned. For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules and this Court's Standing Orders. See Local Rule 1.01(a). Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Wendy W. Berger on 6/17/2024. (CKS)** (Entered: 06/17/2024) |
| 06/17/2024 | 4 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (CKS) (Entered: 06/17/2024) |
| 06/20/2024 | 5 | **ORDER informing Pro Se Plaintiff of some of the rules with which she must comply. See Order for details. Signed by Magistrate Judge Joel B. Toomey on 6/20/2024. (KLA)** (Entered: 06/20/2024) |
| 07/09/2024 | 6 | NOTICE of Appearance by Craig D. Feiser on behalf of Graham, Wilson (Feiser, Craig) (Entered: 07/09/2024) |
| 07/09/2024 | 7 | Case Reassigned to Magistrate Judge Samuel J. Horovitz. New case number: 3:24-cv-580-WWB-SJH. Magistrate Judge J. B. Toomey no longer assigned to the case. (AET) (Entered: 07/09/2024) |
| 07/11/2024 | 8 | MOTION to Dismiss Complaint with prejudice by All Defendants. (Feiser, Craig). (Entered: 07/11/2024) |

3/20/25, 6:45 PM Case 3:24-cv-00580-WWB-SJH Electronic Case Filing | U.S. District Court Middle District of Florida Page 3 of 4 PageID 165

USCA11 Case: 25-10895    Document: 13    Date Filed: 05/01/2025    Page: 147 of 173

| 07/11/2024 | 9 | Second MOTION to Dismiss Complaint with prejudice by All Defendants. (Feiser, Craig). (Entered: 07/11/2024) |
|---|---|---|
| 07/22/2024 | 10 | RESPONSE to 9 Second MOTION to Dismiss Complaint with prejudice filed by Lana Patrick (e-portal). (Attachments: # 1 Exhibit 2, # 2 Exhibit 3)(BD) (Entered: 07/22/2024) |
| 08/02/2024 | 11 | **ORDER Setting Hearing: Telephonic Status Conference set for 8/8/2024 at 10:00 AM in Jacksonville Courtroom 5 A before Magistrate Judge Samuel J. Horovitz. Participants must appear at the telephone conference by calling (888)-684-8852; The access code is 9665004; the security code is 1963. Signed by Magistrate Judge Samuel J. Horovitz on 8/2/2024. (TSP)** (Entered: 08/02/2024) |
| 08/08/2024 | 12 | Minute Entry. Virtual Proceedings held before Magistrate Judge Samuel J. Horovitz: STATUS CONFERENCE held on 8/8/2024. (Digital) (TSP) (Entered: 08/08/2024) |
| 08/08/2024 | 13 | **ORDER FOLLOWING HEARING. See Order for Details. Signed by Magistrate Judge Samuel J. Horovitz on 8/8/2024. (TSP)** (Entered: 08/08/2024) |
| 08/08/2024 | 14 | CORPORATE Disclosure Statement by Graham, Wilson. (Feiser, Craig) (Entered: 08/08/2024) |
| 08/08/2024 | 15 | DISCLOSURE Statement by Lana Patrick (e-portal). (BD) (Entered: 08/09/2024) |
| 08/23/2024 | 16 | First MOTION to Dismiss Defendant's Motion to Dismiss Complaint with Prejudice by All Defendants. (Feiser, Craig) (Entered: 08/23/2024) |
| 08/28/2024 | 17 | CASE MANAGEMENT REPORT. (Feiser, Craig) (Entered: 08/28/2024) |
| 09/09/2024 | 18 | RESPONSE to 16 MOTION to Dismiss filed by Lana Patrick (e-portal). (BD) (Entered: 09/09/2024) |
| 09/11/2024 | 19 | **CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings and Joinder of Parties due by 10/28/2024; Plaintiff disclosure of expert report due by 7/1/2025; Defendant disclosure of expert report due by 7/31/2025; Discovery due by 8/29/2025; Conduct mediation hearing by 9/12/2025 (Lead counsel to coordinate dates); Dispositive motions due by 9/30/2025; All other motions due by 1/2/2026; Pretrial statement due by 2/2/2026; Trial Status Conference set for 2/10/2026 at 10:00 AM in Jacksonville Courtroom 12 A before Judge Wendy W. Berger; Jury Trial set for trial term commencing on 3/2/2026 at 09:00 AM in Jacksonville Courtroom 12 A before Judge Wendy W. Berger. Signed by Judge Wendy W. Berger on 9/11/2024. (CKS)** (Entered: 09/11/2024) |
| 09/11/2024 | 20 | **ORDER directing the parties to confer, and then advise the Court, on the selection of a mediator on or before October 11, 2024. Signed by Judge Wendy W. Berger on 9/11/2024. (CKS)** (Entered: 09/11/2024) |
| 10/02/2024 | 21 | (STRICKEN per 22 Order) RULE 26(a)(1) Disclosures by Lana Patrick (e-portal) (BD) (Modified on 10/3/2024, to edit text) (BGR). (Entered: 10/02/2024) |
| 10/02/2024 | 22 | **ORDER to strike re: 21 Plaintiff's Rule 26(a)(1) Disclosures ("Notice"). Discovery materials "must not be filed until they are used in the proceeding or the court orders filing[.]" Fed. R. Civ. P. 5(d)(1). The Court has not ordered the parties to file any discovery materials, and it does not appear that filing is necessary at this time. Therefore, the Notice is stricken without prejudice to filing at a later time if necessary. Plaintiff should ensure that such discovery materials are not routinely filed in the future. See Order for details. Signed by Magistrate Judge Samuel J. Horovitz on 10/2/2024. (JLW)** (Entered: 10/02/2024) |

| 10/08/2024 | 23 | NOTICE OF SELECTION of as mediator by Graham, Wilson. (Feiser, Craig) (Entered: 10/08/2024) |
|---|---|---|
| 11/20/2024 | 24 | NOTICE of Appearance by Mary Margaret Giannini on behalf of Graham, Wilson (Giannini, Mary Margaret) (Entered: 11/20/2024) |
| 11/20/2024 | 25 | **REPORT AND RECOMMENDATION re 16 Defendants' Motion to Dismiss Complaint with Prejudice. Signed by Magistrate Judge Samuel J. Horovitz on 11/20/2024. (JLW)** (Entered: 11/20/2024) |
| 11/21/2024 | 26 | MOTION for Craig Feiser to Withdraw as Attorney by All Defendants. (Giannini, Mary Margaret) Motions referred to Magistrate Judge Samuel J. Horovitz. (Entered: 11/21/2024) |
| 11/21/2024 | 27 | NOTICE of Lead Counsel Designation by Mary Margaret Giannini on behalf of Graham, Wilson. Lead Counsel: Mary Margaret Giannini. (Giannini, Mary Margaret) (Entered: 11/21/2024) |
| 11/22/2024 | 28 | **ENDORSED ORDER granting 26 Unopposed Motion to Withdraw as Counsel of Record. Craig D. Feiser, Esq., is hereby permitted to withdraw as counsel for Defendants. The Clerk is directed to terminate Mr. Feiser as counsel of record. Signed by Magistrate Judge Samuel J. Horovitz on 11/22/2024. (JLW)** (Entered: 11/22/2024) |
| 12/02/2024 | 29 | OBJECTIONS to 25 Report and Recommendations by Lana Patrick. (BD) (Entered: 12/02/2024) |
| 12/04/2024 | 30 | **ORDERED that on or before December 10, 2024, the parties shall file a notice of selection of one of the approved mediators or a proper motion for mediation before Magistrate Judge. Signed by Judge Wendy W. Berger on 11/30/2024. (CKS)** (Entered: 12/04/2024) |
| 12/10/2024 | 31 | NOTICE OF SELECTION of Jennifer Grippa as mediator by Graham, Wilson. (Giannini, Mary Margaret) (Entered: 12/10/2024) |
| 03/12/2025 | 32 | **ORDERED that Plaintiff's Objections (Doc. 29) are OVERRULED; the Report and Recommendation (Doc. 25) is ADOPTED and CONFIRMED and made a part of this Order to the extent consistent therewith; Defendants' Motion to Dismiss Complaint with Prejudice (Doc. 16) is GRANTED in part and DENIED in part; Counts I, II, and III of the Complaint (Doc. 1) are DISMISSED with prejudice and Count IV is DISMISSED without prejudice. On or before March 25, 2025, Plaintiff may file an amended pleading with respect to Count IV to correct the deficiencies noted in the R&R and this Order. Failure to timely file both may result in the dismissal of this case without further notice. See Order for details. Signed by Judge Wendy W. Berger on 3/12/2025. (CKS)** (Entered: 03/12/2025) |
| 03/19/2025 | 33 | NOTICE OF APPEAL as to 32 Order on Report and Recommendations Order on Motion to Dismiss by Lana Patrick. Filing fee not paid. (e-portal) (ELA) (Entered: 03/20/2025) |

TAB 122

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

       Plaintiff,

v.                                 CASE NO. 3:24-cv-580-WWB-SJH

OFFICER GRAHAM, et al.,

       Defendants.

_____/

**PLAINTIFFS' AMENDED COMPLAINT**

Comes now the plaintiff Lana Patrick in a pro se capacity to amend my complaint in respect to claim IV of my original complaint

**I. JURISDICTION**

This Court has jurisdiction over this civil rights action brought pursuant to 42 U.S.C. § 1983, as the Plaintiff alleges that the Defendant, a state official acting under color of state law, violated the Plaintiff's rights. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(3).

**FACTS**

On April 18th 2024 I received an email from Youtube informing me that they had removed my news story because they had received a privacy complaint. Which was troubling as I only record government employees in the course of duties and where they have no expectation of privacy.

As technology advances the citizen has now become the journalist, catching our public officials in the course of their duties, as is our right.

Youtube pinpoints the time in the video where the violation of privacy was suppose to occur, noticing it was only marked for the time defendant Wilson was in the video.

Youtube makes its service open to private citizens who may have had some personally identifible information exposed to have the video removed. It is not intended for public employees to remove videos of their bad behavior from the public eye.

I can surmise that defendant Wilson did not fill out the privacy complaint honestly or else the video would not have gotten taken down. Chances that he filled out the privacy complaint saying he was a public employee with no expectation of privacy during the filming of the video wouldn't of gotten him far.

## CLAIM IV -SUBSEQUENT PUNISHMENT

Defendant Wilson punished me financially by having my news story removed

as well as my credibility as now it looks like I have done something I should not have.

Defendant Wilson used a system meant to protect people and instead used it to

remove a video of his performance interacting with a member of the public in public.

## RELIEF

Plaintiff requests $100,000 in punitive damages and training on the 1st

amendment.

Respectfully submitted,

_____

Lana Patrick Pro Se
9378 Arlington Expy Pmb 204
Jacksonville, FL 32225
thejtownpress@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25 day of March 2025, I emailed a copy of
the foregoing to:

Craig Feiser
117 West Duval Street,
Suite 480
Jacksonville, FL 32225
cfeiser@coj.net

**Lana Patrick Pro Se**

TAB 126

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

v.                               CASE NO. 3:24-cv-580-WWB-SJH

OFFICER GRAHAM, et al.,

        Defendants.

_____/

**PLAINTIFFS' AMENDED COMPLAINT**

Comes now the plaintiff Lana Patrick in a pro se capacity to amend my complaint in respect to claim IV of my original complaint

**I. JURISDICTION**

This Court has jurisdiction over this civil rights action brought pursuant to 42 U.S.C. § 1983, as the Plaintiff alleges that the Defendant, a state official acting under color of state law, violated the Plaintiff's rights. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(3).

1

**FACTS**

On April 18th 2024 I received an email from Youtube informing me that they had removed my news story because they had received a privacy complaint. Which was troubling as I only record government employees in the course of duties and where they have no expectation of privacy.

As technology advances the citizen has now become the journalist, catching our public officials in the course of their duties, as is our right.

Youtube pinpoints the time in the video where the violation of privacy was suppose to occur, noticing it was only marked for the time defendant Wilson was in the video.

Youtube makes its service open to private citizens who may have had some personally identifible information exposed to have the video removed. It is not intended for public employees to remove videos of their bad behavior from the public eye.

I can surmise that defendant Wilson did not fill out the privacy complaint honestly or else the video would not have gotten taken down. Chances that he filled out the privacy complaint saying he was a public employee with no expectation of privacy during the filming of the video wouldn't't of gotten him far.

### CLAIM IV -SUBSEQUENT PUNISHMENT

Defendant Wilson punished me financially by having my news story removed

as well as my credibility as now it looks like I have done something I should not have.

Defendant Wilson used a system meant to protect people and instead used it to

remove a video of his performance interacting with a member of the public in public.

### RELIEF

Plaintiff requests $100,000 in punitive damages and training on the 1st

amendment.

Respectfully submitted,

_____

Lana Patrick Pro Se
9378 Arlington Expy Pmb 204
Jacksonville, FL 32225
thejtownpress@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of March 2025, I emailed a copy of
the foregoing to:


Mary Margaret Giannini
 MGiannini@coj.net
(904)-255-5079


**Lana Patrick Pro Se**

TAB 130

IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

       Plaintiff,

   v.                        CASE NO.: 3:24-cv-580-WWB-SJH

OFFICER C. GRAHAM and
SERGEANT J.T. WILSON,

       Defendants.
_____/

## DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE DISMISS, PLAINTIFF'S AMENDED COMPLAINT

     Pursuant to Rule 12, Federal Rules of Civil Procedure, Defendant Sergeant J.T. Wilson respectfully moves for the entry of an Order striking Plaintiff's Amended Complaint (Doc. 35), as this Court lacks jurisdiction to address the same due to Plaintiff's filing of a Notice of Appeal (Doc. 33) in the above-style litigation.   In the alternative, Defendant Wilson moves to dismiss the Amended Complaint as Plaintiff has failed to sufficiently state a claim for which relief can be granted.

     1.    On June 10, 2024, Plaintiff (pro se) initiated this action by filing a four-count complaint suing Defendants Graham and Wilson in their individual capacities for actions taken while performing their duties as law enforcement officers for the Duval County School Board ("DCSB").

     2.    On March 12, 2025, this Court dismissed Counts I-III with prejudice, dismissed Count IV without prejudice, and granted Plaintiff leave to file an amended complaint as to Count IV no later than March 25, 2025.  *See* Doc. 32.

1

3.      On March 19, 2025, Plaintiff filed a Notice of Appeal challenging the Court's March 12, 2025 Order and the dismissal of all four counts of the original complaint.  *See* Doc. 33.

4.      Plaintiff then filed an Amended Complaint on March 25, 2025.

5.      Accordingly, Defendant Wilson requests the entry of an Order striking the Amended Complaint because the Court has been divested of jurisdiction with Plaintiff's initiation of appellate proceedings, and thereby Defendant Wilson should not be obligated to respond to the Amended Complaint's substance.

6.      Nonetheless and in the alternative, Defendant Wilson requests the entry of an Order dismissing the Amended Complaint with prejudice as Plaintiff fails to state a claim for which relief can be granted in violation of Fed. R. Civ. P. 12(b)(6) and 8(a)(2).

<u>**MEMORANDUM OF LAW**</u>

**I.      THE COURT IS CURRENTLY DIVESTED OF JURISDICTION.**

Plaintiff filed a notice of appeal in this matter divesting the Court of authority over the case.  "The filing of a proper notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal."  *In re Walker v. Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).  *See also Thompson v. RelationServ Media, Inc.*, 610 F.3d 628, 638 n.14 (11th Cir. 2010).  Plaintiff's notice of appeal indicated she was challenging the Court's entire Order.  *See*  FED. R. APP. P 3(c) (a notice of appeal must "designate the judgment, order or part thereof appealed from.").  Accordingly, Plaintiff's Amended Complaint is due to be stricken from the docket.

## II.    ALTERNATIVELY, PLAINTIFF FAILS TO STATE A CLAIM.

Even if the Court was not divested of jurisdiction at this stage, Plaintiff's Amended Complaint is due to be dismissed as Plaintiff fails to satisfy the pleading requirements of Rules 8(a)(2) and 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Likewise, Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Amended Complaint fails to satisfy these requirements.

Plaintiff asserts that Defendant Wilson, "a state official acting under color of state law," violated her constitutional rights by "punishing her financially by having [her] news story removed [from YouTube]" as well as impacting her credibility.  Doc. 35 at 3.  She also surmises that Defendant Wilson dishonestly filled out a privacy complaint with YouTube asking that the video be removed.  *Id.* at 2.  At best, Plaintiff's allegations represent "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and warrants the Court's dismissal.

Plaintiff has further failed to sufficiently allege why she is entitled to $100,000.00 in punitive damages from Defendant Wilson.  The allegations in the Amended Complaint do not rise to the level of "evil motive or intent" or "reckless or callous disregard of or indifference to" constitutional rights, or present other rare "special circumstances" necessary for Plaintiff to recover punitive damages. *See Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir. 1983); *Mitros v. Cooke*, 170 F. Supp. 2d 504, 507-508 (E.D. Pa. 2001); *Does 1-22 v. Board of Education of Prince George's Co.*, 644 F. Supp. 3d 149, 162-63 (D. Md. 2022).

Plaintiff has done nothing to address the pleading deficiencies laid out in Magistrate Judge's Report and Recommendation, *see* Doc. 25 at 18-19, 20-21, or in this Court's Order which ultimately granted Plaintiff the opportunity to replead Count IV. *See* Doc. 32 at 3-5. Despite being provided a second opportunity to do so, Plaintiff has failed to sufficiently allege a claim for which relief can be granted, and she should not be granted a third proverbial "bite of the apple." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 1353, 1360 (M.D. Fla. 2012). Hence, further amendment would be futile. *Jones v. AngioDynamics, Inc.*, 6:23-cv-1554, 2024 WL 4430671, at *4 (M.D. Fla. Sept. 9, 2024) (quoting *Grimes v. Florida*, 71 F.Supp.3d 1319, 1323 (M.D. Fla. 2014). The Amended Complaint, therefore, is due to be dismissed with prejudice.

WHEREFORE, Defendant Sergeant J.T. Wilson, respectfully requests the entry of an Order striking Plaintiff's Amended Complaint, or alternatively, dismissing same with prejudice.

## Local Rule 3.01(g) Conferral

The undersigned counsel for the City conferred with the *pro se* Plaintiff on March 28, 2025. Plaintiff indicated that she opposes the relief requested herein.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Mary Margaret Giannini*
**Mary Margaret Giannini**
Assistant General Counsel
Florida Bar No. 1005572
MGiannini@coj.net; lpatori@coj.net
117 West Duval Street, Suite 480
Jacksonville, FL 32202
Phone: (904) 255-5100
Facsimile: (904) 255-5120
*Counsel for Defendant*

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of April, 2025, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, and mailed a copy of the

foregoing to:  Lana Patrick, 9378 Arlington Expressway, Jacksonville, FL 32225.

_/s/ Mary Margaret Giannini_____

Mary Margaret Giannini

Counsel for Defendant

TAB 135

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

v.                                                                CASE NO. 3:24-cv-580-WWB-SJH

OFFICER GRAHAM, et al.,

        Defendants.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO**
**DISMISS THE AMENDED COMPLAINT FOR COUNT IV**

    Comes now the plaintiff Lana Patrick in a pro se capacity to respond to the defendants motion to dismiss the amended compliant. For the reasons listed below I believe the case should go forward.

**<u>FACTS</u>**

      The facts of this claim are simple, a government agent restricted the publics access to the well of information. He used clearly false statements about having some expectation of privacy while engaging in his public duties. No matter if the defendant filed the privacy strike on or off duty doesn't matter, the act of filing the strike to remove a news report of a government agents action is the issue. If the defendant had been in his private capacity when recorded then it would of been his right to try and have the video removed, however as a government agent being recorded you can't go back while off duty to remove stories done about your performance on duty.

1

You might as well say the mayor can buy up all the NY Times after he is off work so the public can't read the story of his fraud. Clearly this is a claim in which relief can be granted, and should be granted. To not do so would subject every news agency who publishes on third party platforms to be subjected to off duty government workers striking videos of their bad behavior.

The amount of damages is meant to be a punishment for bad behavior, I realize the governments thoughts on being able to violate rights and not face any kind of punishment but those days are going by the wayside. Acting like there was no injury just because I didn't shed blood is reprehensible. A loss of any right for even minimal amounts of time is an injury.

> *The loss of First Amendment freedoms,*
> *for even minimal periods of time,*
> *unquestionably constitutes irreparable*
> *injury. See New York Times Co.*
> *Page 427 U. S. 374 v. United States, 403*
> *U. S. 713 (1971).*
> *Elrod v. Burns, 427 U.S. 347, 373 (1976)*

While very few public employees try this even though there are a million videos like this on third party platforms, and as such no cases on point, its more than clear an action like the one defendant has taken would clearly violate my rights.

To not understand one of our oldest and most well established rights, and
then to act like I don't have an injury after you violated it speaks volumes. I think it's
important to understand what our rights exactly are and how they can be violated.

> "[T]he purpose of the First Amendment includes the
> need . . . **'to protect parties in the free publication of**
> **matters of public concern**, to secure their right to a
> free discussion of public events and public measures,
> and to enable every citizen at any time to bring the
> government and any person in authority to the bar of
> public opinion by any just criticism upon their
> conduct in the exercise of the authority which the
> people have conferred upon them.'"
> (quoting 2 T. Cooley, Constitutional Limitations 885
> (8th ed.1927)).

I think the fact that thousands of videos of public officials are on YoutTube
but there is no case on point signifies that a reasonable person would understand
how removing a news story about yourself over fake privacy concerns would
violate my right to publish. As to if my story was a matter of public concern, I think
the first half of this quote covers the issue.

> Even decisions seemingly based
> exclusively on the individual's right to
> express himself acknowledge that the
> expression may contribute to society's
> edification. Winters v. New York, 333 U.
> S. 507, 333 U. S. 510 (1948).
> Cont....

> *Nor do our recent commercial speech cases lend support to appellee's business interest theory. They illustrate that the First Amendment goes beyond protection of the press and the self-expression of individuals to **prohibit government from limiting the stock of information** from which members of the public may draw.*
> *First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765,783 (1978)*

The second half directly addresses this defendant's actions, they purposely limited the stock of information from which the public could draw. If the defendant realizes, and most officers do, that if I can record him in the course of his duties then I can surely publish that same recording without interference from him as noted time and again by the cases below.

> *See Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019) (reminding that the First Amendment "'generally'" bans "'government officials from subjecting an individual to retaliatory actions' for engaging in protected speech" (quoting Hartman v. Moore, 547 U.S. 250, 256 (2006))); Sullivan, 376 U.S. at 269-70 (warning that government officials cannot try to censor or suppress speech they dislike just because they dislike it); see also Gericke v. Begin, 753 F.3d 1, 6 (1st Cir. 2014) (stressing that "[r]etaliation is always reprehensible" and that "it is obviously improper for officers to invoke [legal processes] for retaliatory purposes").*
>
> *Berge v. School Committee of Gloucester, No. 22-1954 (1st Cir. 2024)*

4

Which was quoting the Berge case and what the 1st circuit said was even

if a 1st amendment right to record didn't exist the plantiff still had a right to publish.

> So even if Berge had no First
> Amendment right to record
> (and we express no opinion
> either way), that would not mean
> —given the complaint's facts —
> that the individual defendants
> could then baselessly burden his
> First Amendment right to
> publish.
>
> Berge v. School Committee of
> Gloucester, No. 22-1954 (1st Cir.
> 2024) Pg 20-21

For the reasons listed above I respectfully ask the court to deny the

defendants motion to dismiss.

Respectfully submitted,

Lana Patrick Pro Se

9378 Arlington Expy

PMB 204

Jacksonville FL 32225

thejtownpress@gmail.com

904-524-6030

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2025, I emailed a
copy of the foregoing to:

MMGiannini
Assistant General Counsel
(904) 255-5079
MGiannini@coj.net

**Lana Patrick Pro Se**

9378 Arlington Expy
PMB 204
Jacksonville FL 32225
thejtownpress@gmail.com
904-524-6030

TAB B

## Certificate of Service

        I certify that on April 26th, 2025, I served a copy of this Appendix upon the following persons by United Parcel Service , postage prepaid and properly addressed:


Mary Margaret Giannini
Assistant General Counsel
117 West Duval Street, Suite 480
Jacksonville, FL 32202




Lana Patrick Pro Se
9378 Arlington Expressway
PMB 204
Jacksonville, Florida 32225
904-524-6030
thejtownpress@gmail.com