IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**APPEAL NO. 25-10895**

Lana Patrick
Appellant,

v.

C. Graham and J.T. Wilson,
Appellees.

Appeal from the United States District Court
for the Middle District of Florida
District Court Case No.: 3:24-cv-580-WWB-SJH

REPLY BRIEF OF APPELLANT
LANA PATRICK, PRO SE

**Lana Patrick Pro Se**

9378 Arlington Expy
PMB 204
Jacksonville, FL 32225
thejtownpress@gmail.com
(904)-524-6030

## Table of Contents

Table of Contents.............................................................................................. i

Table of Authorities......................................................................................... ii

Arguement....................................................................................................... 1

    1. THE SCHOOL BOARD MEETINGS BEING A LIMITED PUBLIC FORUM HAS NO BEARING ON THIS CASE, AND SHOULD NEVER HAVE BEEN MENTIONED AS NO RESTRICTION IS BEING CHALLENGED HERE.
        a. THIS COURT SHOULD REVIEW FOR PLAIN ERROR AND FIND IN MY FAVOR THAT GATHERING CONTENT SHOULD NEVER BE ANALYZED UNDER THE FORUM TEST.
        b. THE DISTRICT COURT DID ERR IN APPLYING A FORUM ANALYSIS TO MY FIRST AMENDMENT CLAIMS.

Certificate of Interested Persons..................................................................... 5

Certificate of Service....................................................................................... 6

## Table of Authorities

**Cases:** **Page(s)**

Gordon Price v. Merrick Garland

    No. 21-5073 (D.C. Cir. 2022)...................................... 1

Arkansas  Educ. TelevisionComm'n  v. Forbes

    523 U.S. 666, 672-73 (1998)....................................... 1

Blue v. Lopez

    901 F.3d 1352, 1357 n.3 (11th Cir. 2018)................. 2

# ARGUMENT

**I.  THE SCHOOL BOARD MEETINGS BEING A LIMITED PUBLIC FORUM HAS NO BEARING ON THIS CASE, AND SHOULD NEVER HAVE BEEN MENTIONED AS NO RESTRICTION IS BEING CHALLENGED HERE.**

**A.  THIS COURT SHOULD REVIEW FOR PLAIN ERROR AND FIND IN MY FAVOR THAT GATHERING CONTENT SHOULD NEVER BE ANALYZED UNDER THE FORUM TEST.**

As this court is well aware, the public forum doctrine is a test the courts apply to judge if restrictions meet constitutional standards. It is not a test or doctrine to analyze first amendment claims of right of access. This is an error, that is plain, and impacted my substanial right to my liberty interest in remaining on public property. This case has absolutely nothing to do with any policy or restriction of the first amendment, so again, interjecting the public forum doctrine in a mechanical way should be disallowed.

> *In reaching this conclusion we are buoyed by the Supreme Court's warning against extending the public forum doctrine "in a mechanical way" to **contexts that meaningfully differ** from those in which the doctrine has traditionally been applied.*
> *Arkansas Educ. TelevisionComm'n v. Forbes, 523 U.S. 666, 672-73 (1998).*
> *Gordon Price v. Merrick Garland, No. 21-5073 (D.C. Cir. 2022)*

**1**

As this issue is one of purely law,

> *Blue v. Lopez, 901 F.3d 1352, 1357 n.3 (11th Cir. 2018)*
> *(appellate court may consider an issue raised for the first time on appeal if the question is "purely one of law").*

and necessary in the interests of justice.

I humbly ask this court to review for plain error the application of the forum doctrine to any first amendment claim I presented.

### B. THE DISTRICT COURT DID ERR IN APPLYING A FORUM ANALYSIS TO MY FIRST AMENDMENT CLAIMS.

Contrary to what is being said about my claims, I have always been clear that the violation was the removal of me from a place I had a right to be in order to gather content.

The claim has never been that requiring ID to enter the building violated any right, although I did indicate it could be seen as a prior restraint, I never included it in my claims.

I can understand why they would want to misdirect being as there is no legal authority for their unlawful orders or their removal of me from a meeting without board approval.

The appellees then proceed to quote,

> *See e.g. Press-Ent. Co., 478 U.S. at 9 (". . . even when a right of access attaches, it is not absolute.");*

but then leave out the fact the case had to do with courtrooms where the right of access can fluctuate because of the nature of the crimes and/or victims. They then proceed to quote cases in which the areas in question were never open to the public to begin with.

2

What the appellees don't seem to be quoting is cases citing their authority to remove someone from an area (1) that has historically been open to the press and general public; and (2) where public access plays a significant positive role in the functioning of the particular process in question.

I know from my logic and experience that Floridas public meetings have been open to everyone including public and press for 58 years, I also realize that in a self governing society public access to public meeting plays not only a significant role, but a mandatory role.

The appellees then go on to state that right of access is subject to time, place and manner restrictions by quoting cases that don't say that, The Smith case was in a traditional public forum and no right of access issue was involved. The Blackstone case indicated that the judges restriction was a time, place, and manner restriction but did not state that the right of access was subject to it. The Sheets case when read correctly has nothing to do with access, which by the way, the judge said no one could deny him, but instead about consent from recorded parties.

The appellees then go on to state the government can impose reasonable limitations on how individuals should behave in its space, and can look to forum analyses to help craft those restrictions. While agreeing that the government can impose limitations on how individuals behave, it's important to note that these are what we call Laws, Regulations, Policies, or Ordinances. Forum analysis doesn't guide restrictions on coughing or standing in a meeting.

The appellees then proceed to say the case centers on if the ID requirement or a removal for a disturbance is reasonable, however I never said that they were not reasonable.

This case centers on if random non-board member public employees can removal law abiding citizens for no reason.

The whole reason public meetings are governed by Roberts rules of order and local policy is so random public employees can't make stupid decisions about the publics right to be there because someone turned their head when they entered the room.

The subsequent punishment however is the most damaging violation in this case. In this instance, appellee used a tool (YouTube privacy strike) which he used to have his actions as a public employee removed from the public space. It is no different then allowing the mayor to buy up every copy of a newspaper to keep his actions out of the public sphere. Allowing this would create a huge problem as most independent journalists release reports on private platforms like YouTube/Facebook. Allowing a public employee to remove stories about their actions based on some illusionary "right to privacy" they envision they have while in their official capacity would be madness.

For the reasons set forth in my original brief and in this reply, I humbly ask this court to remand this back to the district court for justice to go forth.

Lana Patrick Pro Se
9378 Arlington EXPY
PMB 204
Jacksonville FL 32225
thejtownpress@gmail.com
904-524-6030

4

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

_____ *vs.* _____ Appeal No. _____

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. *(Please type or print legibly)*:

_____

_____

_____

_____

_____

_____

_____

_____

_____

Submitted by:
Signature: _____
Name: _____  Prisoner # (if applicable): _____
Address: _____
Telephone #: _____

Rev.: 2/23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2025, a true and correct copy of the foregoing was filed with the Clerk of Court for uploading to the CM/ECF system which will send notice of electronic filing to all counsel of record who are participants in the Court's ECF filing system. The undersigned also sent an electronic copy to Appellant via her email address at MGiannini@coj.net.

*/s/* Lana Patrick
**LANA PATRICK**
9378 ARLINGTON EXPY
PMB 204
JACKSONVILLE, FL 32225
(904)-524-6030
THEJTOWNPRESS@GMAIL.COM